William Cody KELLY, Trustee, under Trust Dated December 12, 1962, Plaintiff,

v.

STATE OF CALIFORNIA; State of Nevada; John K. Van De Kamp, Attorney General of the State of California; Tahoe Regional Planning Agency; Tahoe Regional Planning Agency Governing Board Members, Chester A. Gibbs, F. DeArmond Sharp, John Ceflau, Dianne Cornwall, Alexander Haagen, III, Stan Hansen, Erik Henrikson, Rex S. Hime, Joseph Houghteling, David F. Miller, Bob Pruett, James S. Reed, Roland D. Westergard, Norman C. Woods, and Frankie Sue Del Papa; Does I thru L; Black Corporations I thru XX; Red Corporations I thru XX; State Agencies and Political Subdivisions of the State of California I thru XX; State Agencies and Political Subdivisions of the State of Nevada I thru V, Defendants.

No. CV N–87–397 BRT.

United States District Court,
D. Nevada.

July 8, 1988.

Daniel R. Walsh, Carson City, Nev., for plaintiff.

Crowell, Susich, Owen & Tackes Ltd., Gary A. Owen, Carson City, Nev., for TRPA and Bd. Members.

Marta Adams, Deputy Atty. Gen., Div. of Environmental Protection, Carson City, Nev., Richard M. Skinner, Deputy Atty. Gen., Sacramento, Cal., for State of Cal. and John Van De Kamp, Atty. Gen. of State of Cal.

ORDER DENYING ATTORNEY'S FEES AND SANCTIONS

BRUCE R. THOMPSON, District Judge.

This action was commenced in the Ninth Judicial District Court of the State of Nevada, in and for the County of Douglas.

Named defendants are the State of California, the State of Nevada, the Attorney General of California, the Tahoe Regional Planning Agency and the governing board members of said agency. Defendants petitioned to remove the action to this Court. The plaintiff moved to remand the action on the ground that this Court was barred by the Eleventh Amendment to the Constitution of the United States from entertaining jurisdiction of an action for damages against the states of California and Nevada. Remand was opposed on the theory that the states of California and Nevada were fraudulently joined to prevent removal. This Court after oral argument on March 25, 1988 granted the motion to remand, holding that the case was not removable on the date of removal because it involved claims for relief over which the federal court had no jurisdiction.

■ The Court is now faced with a motion by plaintiff for an award of attorney's fees and costs in the amount of $129,827.68. What! There must have been more to the case than the issue stated in the foregoing paragraph. Modern litigation involves an exercise in presenting every conceivable contention to the court, whether cogent or specious, and answering it on every imaginable basis, whether fantasy or reality. Our record consists of four thick volumes. Perhaps weight alone would support a fee of $129,827.68, but that is the only possible justification.

The fact of the matter is that if defendants were correct in their opinion that the presence of a federal question supported removal and that the claims asserted against the states could be dismissed by the federal court to improve its jurisdictional posture, the motion to remand would have been denied. That this is an arguable position is demonstrated by the opinion of Chief Judge Edward C. Reed of this court in *Stephans v. The State of Nevada and the Tahoe Regional Planning Agency,* 685 F.Supp. 217 (D.C.Nev.1988).

This judge's order remanding this action was founded on his interpretation of the principles underlying the decision of the en banc court of the United States Court of Appeals for the Ninth Circuit in *Bryant v. Ford Motor Co.,* 832 F.2d 1080 (9th Cir. 1987). These basic principles are: (1) If the action in the state court is against parties with respect to whom the federal court cannot exercise jurisdiction, the action is not removable, and (2) whenever such parties are dismissed from the action in the state court and the action then is one "of which the district courts of the United States have original jurisdiction" (28 U.S.C. § 1441(a)), at that point the action may be removed to the federal court.

During my twenty-five years as a federal judge I have been impressed by the fact that in civil litigation approximately fifty percent of my time has been devoted to attempting to solve intricate, difficult, perplexing, thorny, and frequently imponderable issues of federal jurisdiction. In my view this is one of the great deficiencies of the federal judicial system. An inordinate amount of lawyer and judicial effort must be spent on trying to establish that the court has authority to do what one or both of the parties want it to do rather than on the merits of the litigation.

This situation has spawned volumes and volumes of literature in the form of federal district, appellate and supreme court opinions and erudite articles and books by law professors. An example is Judge Reed's opinion in *Stephens, supra,* a traditional scholarly approach to the problem. I recall one case which I read many years ago which on its third trip to the Supreme Court of the United States was dismissed for lack of jurisdiction.

I make no pretense that this is a scholarly opinion. I have one precedent, *Bryant v. Ford Motor Co., supra.* I view this en banc opinion of the Ninth Circuit as a giant step forward in a much needed effort to minimize the impact of the concept that federal courts are courts of limited jurisdiction upon the expensive complications of federal court practice. It is a commendable effort in one area to establish a bright

line jurisdictional rule, an effort which should be expanded in every way possible.

The *Bryant* court prefaced its conclusions with a statement of the condition of federal jurisprudence in the circuit with respect to the naming of fictitious defendants.[1] Every federal practitioner knows that this same situation starting with an established principle to which are appended exceptions and exceptions on exceptions exists in many, many, if not most areas of federal civil jurisdiction. While bright line rules may be anathema for many, in my view they are essential to restore federal civil practice to a modicum of affordable practicality for the litigant.

Of course, *Bryant* may be limited and distinguished because it is a diversity jurisdiction case concerning fictitious defendants, but in my view it deserves a broader reach and more generous interpretation.

■ The causes of action here against the states of Nevada and California are not controlled by 28 U.S.C. 1441(c)[2] because they are not separate and independent but are inextricably intertwined with the claim for relief against TRPA.

This action was properly remanded. Nevertheless, the opinion in *Stephens, supra* demonstrates conclusively that the petition for removal was filed in good faith and that there is no conceivable basis for an award of attorney's fees and litigation expenses under an appropriate application of Rule 11 Fed.R.Civ.P. or 28 U.S.C. § 1927 or 28 U.S.C. § 1447(c).

Accordingly,

IT HEREBY IS ORDERED that plaintiff's motion for attorney's fees and litigation expenses and "just costs" is hereby denied.

1. "Up to this point, the general rule in the Ninth Circuit has been that the naming of Doe defendants defeats diversity jurisdiction and, therefore, that district courts should remand cases containing allegations against Doe defendants to state court. See, e.g., *Othman v. Globe Indem. Co.*, 759 F.2d 1458, 1462–63 (9th Cir.1985). This general rule has become riddled with exceptions, however. Under our cases, an action need not be remanded to state court in at least five situations: (1) when named defendants prove that the Doe defendants as described in the complaint are wholly fictitious, see, e.g., *Grigg v. Southern Pacific Co.*, 246 F.2d 613, 619 (9th Cir.1957); (2) when the complaint contains no charging allegations against the Doe defendants, see, e.g., *Chism v. National Heritage Life Ins. Co.*, 637 F.2d 1328, 1330 (9th Cir.1981); (3) when plaintiffs unequivocally abandon their claims against the Doe defendants, see, e.g., *Southern Pac. Co. v. Haight*, 126 F.2d 900, 905 (9th Cir.), cert. denied, 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942); (4) when the complaint does not identify the Doe defendants with sufficient specificity, see, e.g., *Hartwell Corp. v. Boeing Co.*, 678 F.2d 842, 843 (9th Cir.1982); and (5) when the Doe defendants are not indispensable parties, see, e.g., *Othman*, 759 F.2d at 1463.

"The numerous exceptions to the general principle that the naming of the Doe defendants defeats diversity jurisdiction have led to considerable confusion as we ourselves have recognized. In *Othman*, 759 F.2d at 1462 & n. 7, we noted that 'the circumstances under which an action including "Doe" defendants may be removed to federal court [are] not entirely clear in this circuit.' See also *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 n. 2 (9th Cir.1984) (describing 'the vague contours of when Doe pleading is specific enough to defeat diversity'). District court judges and commentators have also noted the doctrinal disarray in our decisions. See, e.g., *Goldberg v. CPC Int'l, Inc.*, 495 F.Supp. 233, 236 (N.D.Cal.1980) (circumstances under which the presence of Doe defendants destroys diversity 'unfortunately remain shrouded in mystery and confusion'); Note, Doe Defendants and Other State Relations Back Doctrines in Federal Diversity Cases, 35 Stan.L.Rev. 297, 308 n. 38 (1982) (noting inconsistency in Ninth Circuit case law)."

2. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."