57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Geraldine SCHEU, Plaintiff-Appellant,
v.
INTERNATIONAL LIGHT METALS CORPORATION; United Steelworkers
of America, Defendants-Appellees.
 No. 94-55051.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1995.*
Decided June 14, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court found Geraldine Scheu's state law discrimination claim alleging violation of the California Fair Employment and Housing Act (California Government Code Sec. 12940) preempted by Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 ("Sec. 301"). The court therefore granted defendants' motion to dismiss without leave to amend because further action under Sec. 301 is time barred by the six month statute of limitations. The court found the removal to federal court proper and denied Scheu's motion for remand and request for attorney's fees. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 3
 We affirm.
 
 
 4
 * The defendants removed this case to the United States district court on the ground that the state action was preempted by Sec. 301.[1] Pursuant to Fed.R.Civ.P. 12(b)(6), the defendants then moved to dismiss Scheu's claim as time barred under Sec. 301 because the procedure for filing complaints under Sec. 301 provides that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge." 29 U.S.C. Sec. 160(b).
 
 II
 
 5
 We have previously recognized the breadth of the preemptive force of the Labor Management Relations Act: "[The Act may] displace entirely any state claim based on a collective bargaining agreement, ... and any state claim whose outcome depends on the analysis of the terms of the agreement." Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987) (citations omitted).
 
 
 6
 Causes of action that assert non-negotiable state-law rights which are independent of any collective bargaining agreement ("CBA") are not preempted by Sec. 301. See Ramirez v. Fox Television Stations, Inc., 998 F.2d 743, 748 (9th Cir.1993). "Not every dispute ... tangentially involving a provision of a collective-bargaining agreement is preempted by Sec. 301.... Clearly, Sec. 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211-212 (1985). See also Hayden v. Reickerd, 957 F.2d 1506, 1509 (9th Cir.1992) (remanding to state court a case involving a non-negotiable state right).
 
 
 7
 However, Scheu's only claim of discrimination arises from the interpretation of the CBA: Martin Marietta and the Union construed a modification of the CBA as foreclosing Scheu's completion bonus award. The district court therefore properly rejected Scheu's motion to remand because it viewed Scheu's complaint as "inextricably intertwined with the claim that's based upon the memorandum of agreement." Cf. Croston v. Burlington N. R.R. Co., 999 F.2d 381, 388-89 (9th Cir.1993) (holding that the Railway Labor Act preempted a state law handicap discrimination claim that required interpretation of a collective bargaining provision on eligibility for a separation allowance).
 
 III
 
 8
 This Court has the power to review Scheu's request for leave to amend her complaint. See 28 U.S.C. Sec. 2106 ("[C]ourt of appellate jurisdiction may ... direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."). See also K-2 Ski Company v. Head Ski Co., Inc., 506 F.2d 471, 475 (9th Cir.1974) ("There is ... no rigid practice under which courts of review [must] decline to consider all questions which have not previously been specifically urged.").
 
 
 9
 The Supreme Court has noted that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 181 (1962) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)). But Scheu's counsel has not just taken the wrong step. Scheu's counsel had danced to the wrong tune altogether.
 
 
 10
 This Court has held that the liberality in granting leave to amend under Fed.R.Civ.P. 15(a) is subject to several limitations. A trial court does not abuse its discretion in denying leave to amend a complaint which, even as amended, would fail to state a proper cause of action. See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989) ("Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.").
 
 
 11
 To grant Scheu's proposed amendment would be an exercise in futility for all of the reasons expressed by the district court, and would prolong the proceedings towards no just end. The district court did not err in dismissing Scheu's complaint without leave to amend.
 
 IV
 
 12
 Having failed to plead a federal claim properly, Scheu is barred by the six month statute of limitations under Sec. 301. The one year statute of limitations has also run on the CFEHA state law claim. Therefore Scheu cannot bring an action alleging a new set of complaints against either her employer or the union under California state law. Accordingly, the district court did not err in dismissing Scheu's request for remand.
 
 V
 
 13
 Even if we were to remand to the state court, Scheu would not be entitled to attorney's fees. Where "the petition for removal was filed in good faith ... there is no conceivable basis for an award of attorney's fees and litigation expenses under an appropriate application of rule 11 Fed.R.Civ.P. or 28 U.S.C. Sec. 1447(c)." Kelly v. State of California, 687 F.Supp. 1494, 1496 (D.Nev.1988), aff'd, 880 F.2d 416 (9th Cir.1989). See also Schmitt v. Insurance Co. of North America, 845 F.2d 1546, 1552 (9th Cir.1988).
 
 VI
 
 14
 For the reasons discussed above, we affirm the district court's decision.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The relevant language of Sec. 301 is found in 29 U.S.C. Sec. 185:
 (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in the chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.