Timothy A. McKAY, By and Through His Guardian and Next Friend, Thomas G. McKAY, Plaintiffs-Appellants,

v.

BOYD CONSTRUCTION CO., INC. and Mississippi State Highway Department, Defendants-Appellees.

No. 84–4832.

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1985.

Charles P. Reiter, Milwaukee, Wis., for plaintiffs-appellants.

McCoy, Wilkins, Noblin, Anderson & Stephens, Joseph L. McCoy, Jackson, Miss., for Boyd Const. Co.

Walter E. Wood, P.O. Gibson, Jr., Asst. Atty. Gen., Miss. State Highway Com'n, Jackson, Miss., for Mississippi State Highway Dept.

Before CLARK, Chief Judge, POLITZ, and JONES, Circuit Judges.

CLARK, Chief Judge:

Plaintiff appeals the dismissal of his action. We vacate and remand.

### I

Timothy McKay, a Wisconsin resident, was seriously injured at age two in 1967 when the car in which he was riding struck the abutment of a bridge on U.S. Highway No. 49 in Mississippi. The bridge had been constructed in accord with the designs and specifications prepared by the Mississippi State Highway Commission (Commission) and approved by the Federal Bureau of Public Roads.

In 1962 the Commission had contracted with Boyd Construction Co., Inc. (Boyd) to perform the basic work involved in building the bridge. Boyd's work was accepted as complete in 1963. Boyd received a full and final release from the Commission, with the approval of the Federal Bureau of Public Roads. This document released Boyd from all liability under the contract and all public liability.

Timothy McKay has been adjudicated as an incompetent. In 1983 his guardian filed the present action against Boyd and the Mississippi State Highway Department (Department). The complaint alleged that the defendants placed the abutment only 23 inches from the lane of traffic; that they negligently constructed the road approaching the bridge so that the roadway was pitched to the left causing vehicles to drift towards the abutment; and that defendants violated federal regulations by failing to erect a guardrail to prevent a collision with the abutment.

The action was filed in state court, but it was removed to federal district court upon a motion by Boyd. Boyd then moved for summary judgment and the Commission, which had answered for the Department, filed three alternative motions: to dismiss, for judgment on the pleadings, or for summary judgment. The district court entered summary judgment for Boyd and granted the Commission's motion to dismiss. McKay appeals.

## II

■ We will not reach the merits of this action. The decision of the district court must be vacated because this suit does not fall within the limited jurisdiction of the district court. McKay's suit was removed from the state court upon motion by Boyd pursuant to 28 U.S.C. § 1441. This section only authorizes the removal of actions that are within the original jurisdiction of the district court. Because a state agency is a defendant, the eleventh amendment bars the exercise of federal jurisdiction here. Accordingly, the action must be remanded to the state court where it was originally filed.

### A

■ The Department failed to raise the eleventh amendment before the district court. However, because this argument challenges the extension of the judicial power of the United States to this suit, it may be raised at any point during the proceedings. *Edelman v. Jordan,* 415 U.S.

651, 94 S.Ct. 1347, 1362–63, 39 L.Ed.2d 662 (1974).

■ The eleventh amendment denies courts of the United States jurisdiction over any action wherein a state or a state agency or department is named as defendant. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). This jurisdictional bar applies unless the state has unequivocally consented to be sued in the federal courts. *Id.* 104 S.Ct. at 907. Mississippi's participation in a federal project cannot be construed as a waiver of its immunity. *Edelman v. Jordan,* 94 S.Ct. at 1361.

■ Mississippi has not authorized suits against the Department in either state or federal court. It has so authorized suits against the Commission, Miss.Code Ann. § 65–1–8 (Supp.1984), but that section does not waive the Commission's eleventh amendment immunity. *Karpovs v. State of Mississippi,* 663 F.2d 640, 647 (5th Cir. 1981). A state's waiver of immunity in its own courts is not a waiver of its eleventh amendment immunity in the federal courts. *Pennhurst,* 104 S.Ct. at 907 n. 9; *Florida Department of Health v. Florida Nursing Home Association,* 450 U.S. 147, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981).

Plaintiff argues that Mississippi's law on sovereign immunity has been changed by *Pruett v. Rosedale,* 421 So.2d 1046, 1047 (Miss.1982), wherein the state supreme court abolished the state's judicially-created doctrine of sovereign immunity, and the enactment in 1984 of Miss.Code Ann. § 11–46 *et seq.,* which established a statutory scheme of immunity. However, neither *Pruett* nor the legislative enactment affected Mississippi's immunity in courts of the United States. Their impact on McKay's substantive rights is not relevant to our decision here.

### B

■ McKay's claim against Boyd must be remanded to state court along with his claim against the Department. Technical-

ly, Boyd's motion for removal should not have been granted in the first place. Although section 1441 permits the removal of cases based on diversity jurisdiction, it does not apply to those cases where any defendant is a resident of the state in which the suit was brought. 28 U.S.C. § 1441(b); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir.1981); 14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3723 (2d ed. 1985). Boyd is a Mississippi corporation. McKay, however, waived this defect by proceeding in federal court without objection. *Woodward v. D.H. Overmyer Co.*, 428 F.2d 880, 882–83 (2d Cir.1970), *cert. denied*, 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971); *American Oil Co. v. McMullin*, 433 F.2d 1091, 1094–95 (10th Cir.1970); 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.157 [3.–4] (2d ed. 1985).

■ Even so, the presence of the state entity as codefendant in this action requires that the action against Boyd be remanded. Boyd cannot render the removal proper by seeking the dismissal of the state agency pursuant to Fed.R.Civ.P. 21 so as to preserve jurisdiction. In cases where removal is precluded by the presence of a nondiverse defendant, we have held that the defendant seeking removal cannot have the nondiverse party dismissed from the action unless the district court can ascertain that the state court would find that the complaint does not state a cause of action against the party whose dismissal is sought. *Jett v. Zink*, 362 F.2d 723, 730 (5th Cir.1966), *cert. denied sub nom. Sterling Oil v. Chamberlain*, 414 U.S. 854, 94 S.Ct. 153, 38 L.Ed.2d 104 (1973); *see Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983). We see no reason why a different rule would apply where the codefendant's presence bars federal jurisdiction because of the eleventh amendment. Plaintiff has stated a nonspecious cause of action alleging that the Department and Boyd are jointly liable for his injuries. McKay's claim cannot be resolved unless both defendants are present. His entire action must be remanded to state court.

■ In concluding that McKay has stated a valid cause of action against a state agency, we recognize that the Department, which is the only named state defendant, is not subject to suit in either state or federal court. Mississippi law requires express statutory authorization before the state's sovereign immunity can be waived. *Karpovs*, 663 F.2d at 645; *Jagnandan v. Mississippi State University*, 373 So.2d 252, 254 (Miss.1979). Only the Commission, not the Department, has been given the authority to sue or be sued. Miss.Code Ann. § 65–1–8 (Supp.1984). The Commission has treated the naming of the Department as a mere misnomer and has vigorously defended this suit since its inception. It did not raise the argument that the Department lacked the capacity to serve as a defendant until its appellate brief. For our purposes, we will follow the Commission's practice and treat the naming of the Department as a misnomer. Any arguments to the contrary may be addressed to the state court, which, of course, would not be bound by our determination in this matter.

■ Boyd could secure removal of the case against it only by satisfying the prerequisites of 28 U.S.C. § 1441(c) which permits the removal of a claim joined to a nonremovable claim if it is "separate and independent" from the nonremovable claim. This section must be construed narrowly because it was enacted to reduce the number of cases removable from state to federal court. *Paxton v. Weaver*, 553 F.2d 936, 938 (5th Cir.1977). The Supreme Court has stated that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). McKay's complaint alleges that both defendants are jointly liable for his injuries because this negligence in the design and building of the bridge caused the accident. His claim against Boyd cannot be separated from that against the Depart-

ment. This fact precludes removal under section 1441(c).

### III

The judgment of the district court is vacated. The cause is remanded to the district court with directions to remand it to the state court from which it was improvidently removed pursuant to 28 U.S.C. § .1447(c).

Vacated and Remanded with directions.