Mary Aileen Sarman **STEPHANS**, Special Administrator of the Estate of **Elizabeth Schulz Rabe**, Plaintiff,

v.

The **STATE OF NEVADA** and the **Tahoe Regional Planning Agency**, Defendants.

No. CV–N–87–509–ECR.

United States District Court,
D. Nevada.

April 25, 1988.

Gary D. Woodbury, Elko, Nev., for plaintiff.

Marta Adams, Deputy Atty. Gen., Div. of Environmental Protection, Gary A. Owen, Carson City, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

This action was originally filed, on September 1, 1987, in the Ninth Judicial District Court of the State of Nevada in and for the County of Douglas. The plaintiff, the special administrator of the estate of Elizabeth Schulz Rabe, named the State of Nevada and the Tahoe Regional Planning Agency ("TRPA") as defendants. On October 26, 1987, the case was removed to this Court.

The complaint includes four causes of action. The first cause of action asserts that the TRPA has issued a regional plan rezoning certain real property in a manner which "is arbitrary and capricious in that ... [it] constitutes illegal spot zoning." Complaint at page 2, lines 21–25. The second cause of action asserts that the regional plan is arbitrary and capricious in that it has resulted in overbroad, unnecessary zoning changes which have effected a taking for which plaintiff is entitled to compensation under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 8, of the Nevada Constitution. *Id.* at page 3, lines 3–13. The third cause of action asserts that the rezoning has made plaintiff's property "uneconomic" and, therefore, constitutes a taking for which plaintiff is entitled to compensation. *Id.* at page 3, lines 19–24. The fourth cause of action asserts that the TRPA and the State of Nevada, "through their acts, omissions, moritoriums, rules, and regulations, have effectively accomplished a total taking of [plaintiff's] property since 1984." *Id.* at page 4, lines 2–6. Plaintiff seeks injunctive relief as well as compensation for the perceived taking.

On October 30, 1987, defendant State of Nevada filed a motion to dismiss (docket # 6). Plaintiff filed an opposition to the motion to dismiss on November 13, 1987. No reply was filed.

On November 5, 1987, plaintiff filed a Motion to Remand to State Court (docket # 8). Defendant State of Nevada filed an opposition on November 16, 1987; defendant TRPA filed an opposition on December 22, 1987. No reply was filed.

Nevada's motion to dismiss and plaintiff's motion for remand are before the Court.

The motion to dismiss is based on two grounds: Nevada's immunity under the Eleventh Amendment to the United States Constitution and plaintiff's failure to state a claim upon which relief may be granted. The plaintiff's motion for remand is related; it is based on the argument that the Court lacks jurisdiction over this case because of the Eleventh Amendment.

The Court agrees that it lacks jurisdiction over this action against the State of Nevada. Under the Eleventh Amendment a state may not be sued in federal court without its consent. *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978); *O'Connor v. State of Nevada,* 686 F.2d 749, 750 (9th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). Nevada's legislature has explicitly refused to waive the state's immunity under the Eleventh Amendment. NRS § 41.031(3); *O'Connor,* 686 F.2d at 750. Further, the State of Nevada did not waive its Eleventh Amendment immunity simply by entering the Tahoe Regional Planning Compact ("TRPC"). *Tahoe–Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 611 F.Supp. 110, 114–15 (D.Nev. 1985). Moreover, a waiver of Eleventh Amendment immunity must be explicitly authorized by the state "in its Constitution, statutes and decisions." *Ford Motor Co. v. Department of Transp.,* 323 U.S. 459, 467, 65 S.Ct. 347, 352, 89 L.Ed. 389 (1945). Thus, removal by state officials of a case to federal court does not amount to waiver of Eleventh Amendment immunity unless those state officials are authorized to waive such immunity. *Sosna v. Iowa,* 419 U.S. 393, 396 n. 2, 95 S.Ct. 553, 555–56 n. 2, 42 L.Ed.2d 532 (1975); *Ford Motor Co.,* 323 U.S. at 466–69, 65 S.Ct. at 351–53; *Silver v. Baggiano,* 804 F.2d 1211, 1214–15 (11th Cir.1986); *Keenan v. Washington Metro. Area Transit Auth.,* 643 F.Supp. 324, 331–34 (D.D.C.1986); *David Nursing Home v. Michigan Dep't of Social Services,* 579 F.Supp. 285, 288 (E.D.Mich.1984). *See also Mills Music, Inc. v. State of Arizona,* 591 F.2d 1278, 1282 (9th Cir.1979) (State of Arizona did not waive immunity by appearing in an action in federal court.). The Court finds no Nevada authority granting the attorney general power to waive the state's Eleventh Amendment immunity. No waiver can be found in the removal.

Pursuant to the Eleventh Amendment, then, this Court is without jurisdiction over the present case as long as the State of Nevada is a defendant. The "fraudulent joinder" doctrine, however, mandates that this Court look to the complaint and to

220

applicable law to ascertain whether there is some merit to the joinder of the State of Nevada as a defendant.

█ Where joinder of a given defendant destroys the removability of a case, and where there is no reasonable basis for predicting that the state court might impose liability on the defendant, the federal court may properly dismiss such defendant and maintain jurisdiction over the case. *See generally* C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure § 3723 (1985). The most common example of the application of this doctrine is in cases in which a federal court would have subject matter jurisdiction on the basis of diversity of citizenship if not for the joinder of a given defendant; in such cases the federal court will dismiss the case as against that defendant and allow removal if it finds that there is no basis for the cause of action. *See, e.g., Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–99, 42 S.Ct. 35, 37–38, 66 L.Ed. 144 (1921); *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1122–24 (5th Cir.1987); *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir.1983); *Roe v. General Am. Life Ins. Co.,* 712 F.2d 450, 452 (10th Cir.1983) (dicta). The fifth circuit has applied the fraudulent joinder doctrine in a case involving joinder of a defendant which undermined removal of the case because of the defendant's Eleventh Amendment immunity. *See McKay v. Boyd Constr. Co.,* 769 F.2d 1084 (5th Cir.1985). The *McKay* court held that the plaintiff stated a "nonspecious" cause of action against the party with Eleventh Amendment immunity, that the plaintiff's claims could not be resolved without all defendants present, and that it was necessary to remand the case to state court. *McKay,* 769 F.2d at 1087. The court stated:

In cases where removal is precluded by the presence of a nondiverse defendant, we have held that the defendant seeking removal cannot have the nondiverse party dismissed from the action unless the district court can ascertain that the state court would find that the complaint does not state a cause of action against the party whose dismissal is sought. We see no reason why a different rule would apply where the codefendant's presence bars federal jurisdiction because of the eleventh amendment.

*Id.* (citations omitted). The analysis applied in *McKay* is applicable as well in the case at bar.

The Court notes that it does not read *Bryant v. Ford Motor Co.,* 832 F.2d 1080 (9th Cir.1987), as foreclosing the fraudulent joinder analysis. In *Bryant* the Court of Appeals for the Ninth Circuit held that a district court must remand a removed diversity case which involves Doe defendants, which destroy diversity. The *Bryant* rule was meant to alleviate the confusion which had developed surrounding the issue of the effect of Doe defendants on diversity jurisdiction. The court stated that "district courts will no longer have to make the near-impossible determination of when the allegations against Doe defendants are 'specific' enough to defeat diversity." *Bryant,* 832 F.2d at 1083. The reasons for the *Bryant* decision do not apply to the case at hand. This is a federal question case, not a diversity case; there are no Doe defendants. Most importantly the determination whether plaintiff has stated a valid claim is not usually difficult. It is the sort of determination necessitated by nearly every motion to dismiss. *See* Fed.R.Civ.P. 12(b)(6). The fraudulent joinder doctrine is an important protection of the statutory right of removal under 28 U.S.C. § 1441; *Bryant* has not ruled out its application.

█ The plaintiff's case against the State of Nevada is without merit. The plaintiff has no chance of recovering against that defendant, whether in this court or state court.

Plaintiff has not alleged an act of the State of Nevada which could render that defendant liable. Plaintiff's action arises from rezoning which has occurred in the Lake Tahoe Basin as a result of a regional master plan adopted by the TRPA on July 1, 1987. The State of Nevada is not alleged to have participated in the rezoning. The only act complained of by plaintiff which is fairly attributable to the State of Nevada is its entering the TRPC.

Plaintiff's attempt to hold Nevada vicariously liable for the actions of the TRPA are without merit. The TRPA is not a state

agency. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 400–02, 99 S.Ct. 1171, 1176–78, 59 L.Ed.2d 401 (1979). The TRPA is a legal entity separate from the State of Nevada (or the State of California). *Id.* at 401, 99 S.Ct. at 1177. The TRPA is akin to a political subdivision such as a county or municipality. *Id.* A state is not vicariously liable for actions taken by a county or a municipality; likewise, the State of Nevada is not properly named as a defendant in this case simply because plaintiff can state a cause of action against the TRPA.

It is clear to this Court that a state court would not find that the plaintiff has stated a valid cause of action against the State of Nevada. The State of Nevada is not properly a defendant to this action and shall be dismissed. This Court retains subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1331 (federal question). Remand shall be denied.

IT IS, THEREFORE, HEREBY ORDERED that the State of Nevada's Motion to Dismiss (docket # 6) is GRANTED. The plaintiff's action is DISMISSED as against the State of Nevada.

IT IS FURTHER ORDERED that the plaintiff's Motion to Remand (docket # 8) is DENIED.