ARONOV REALTY COMPANY, INC., etc., et al., Plaintiffs,

v.

TITLE INSURANCE COMPANY OF MINNESOTA, etc., et al., Defendants.

No. 89–125–Civ–Oc–16.

United States District Court, M.D. Florida, Ocala Division.

Dec. 14, 1989.

Steven H. Gray, Green and Simmons, P.A., Ocala, Fla., for plaintiffs.

Jeffrey C. Regan, Rogers, Towers, Bailey, Jones & Gay, Jacksonville, Fla., and Russell W. LaPeer and John P. McKeever, Ocala, Fla., for defendants.

---

5. *See supra* at 404.

## ORDER

JOHN H. MOORE, II, District Judge.

The above cause is before the Court on the motion of the plaintiffs to remand this action to state court. One of the defendants, TITLE INSURANCE COMPANY OF MINNESOTA, filed a response opposing remand. For the following reasons, the Court finds that this case was improvidently removed, and therefore must be remanded.

Plaintiffs, ARONOV REALTY COMPANY, INC., an Alabama corporation, and ALEX D. BAKER and FRED M. CONE, JR., Trustee, filed their complaint in state court in Marion County, Florida, naming as defendants TITLE INSURANCE COMPANY OF MINNESOTA, a Minnesota corporation (Title), MID–STATE FEDERAL SAVINGS BANK f/k/a Mid–State Federal Savings and Loan Association (MSF), a corporation organized and existing under the laws of the United States and having its principal place of business in Ocala, Marion County, Florida, and MSF MANAGEMENT CORPORATION (Management), a Florida corporation. The complaint sets forth allegations common to all counts, detailing the purchase by plaintiffs of a parcel of real estate and a title insurance policy, and the subsequent discovery of defects in the title to the real estate necessitating a series of legal actions in an attempt to correct the problems caused by the defects. The complaint then sets forth a Count I, which alleges a cause of action against TITLE for the failure to pay a reimbursement for expenses incurred by the plaintiffs as a result of the existence of title defects pursuant to an insurance policy issued by TITLE, and request a judgment for damages and attorneys' fees. The complaint then sets forth a Count II against MSF and MANAGEMENT alleging damages as a result of breach of warranties of title.

TITLE, with the consent of the other two defendants, removed this action pursuant to 28 U.S.C. § 1441, alleging diversity of citizenship as a basis for the exercise of this Court's subject matter jurisdiction. Plaintiffs then filed a motion to remand arguing, among other things, that this Court lacked subject matter jurisdiction because defendant MANAGEMENT is a Florida citizen, and the claim against TITLE is not a separate and independent cause of action under 28 U.S.C. § 1441(c).[1]

28 U.S.C. § 1441(a) provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus, removal jurisdiction is keyed to a district court's original jurisdiction. However, when the basis of jurisdiction is diversity of citizenship, a district court's removal jurisdiction is more circumscribed than its original jurisdiction. Removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is filed. *McCay v. Boyd Construction Co.*, 769 F.2d 1084 (5th Cir.1985); *Vincent v. DeMaria Porsche–Audi, Inc.*, 532 F.Supp. 1035 (S.D.Fla.1982); *see* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3723 at 308 (2d ed. 1985).

This rule is prescribed by 28 U.S.C. § 1441(b), which provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without re-

---

1. The plaintiffs also argue that Fred M. Cone, Jr., Trustee, is a citizen of Florida and, therefore, diversity is lacking. Whether citizenship of a trustee is determined by looking to the citizenship of the individual or of the corporation for purposes of diversity jurisdiction is not necessary for this Court to decide. Even if this Court were to determine that citizenship of the Trustee was based on that of the individual, so that in this case one of the plaintiffs would be a citizen of Florida, it would still be necessary to reach the issue of the applicability of 28 U.S.C. § 1441(c) since Title is a Minnesota corporation.

gard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Since defendant MANAGEMENT is a citizen of the state of Florida by virtue of its incorporation in the state, and since defendant MSF has its principal place of business in Ocala, Florida, making it a citizen of the state of Florida, see, 28 U.S.C. § 1332(c), this case falls within the rule of § 1441(b). Unless TITLE can demonstrate that Count I of the complaint constitutes a separate and independent claim or cause of action that satisfies the standard set forth in 28 U.S.C. § 1441(c), this case cannot be removed.

Section 1441(c) provides that:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Thus, if TITLE can show that Count I, which alleges a claim for damages for TITLE's failure to reimburse plaintiff, is separate and independent of Count II, which alleges a claim for breach of warranties of title, this Court can properly retain jurisdiction over the entire case, or, in its discretion, remand Count II to state court.[2]

The only Supreme Court case providing an interpretation of Section 1441(c) is *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Thus, it is the definitive interpretation. In that case Finn, a Texan, sued two foreign insurance companies and their local agent, also a Texan, in a Texas state court seeking recovery for a fire loss and asserting alternative claims for relief. The two foreign insurance companies removed the entire case to federal court pursuant to the procedures outlined in 28 U.S.C. § 1446. A judgment was ultimately entered against one of the defendant insurance companies, which then sought to vacate the judgment on the ground that the case had not been properly removed and, therefore, the federal court lacked subject matter jurisdiction. The Supreme Court agreed.

In analyzing whether there was a "separate and independent claim or cause of action," the Court ruled "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. Lower courts, applying the *Finn* Court's interpretation of § 1441(c), have developed an extremely restrictive approach, looking to the specific facts of the case before them to determine whether there was but one injury to the plaintiff, or whether multiple claims were dependent upon each other. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3724 at 370–79 (2d ed. 1985).

Accordingly, the Court turns to an examination of the facts set forth in the complaint as they relate to the claims asserted therein in order to determine whether those claims are separate and independent within the meaning of § 1441(c). In doing so, the Court is guided by the opinion of Chief Judge Phillips in *Snow v. Powell*, 189 F.2d 172 (10th Cir.1951), that "the word 'separate' means distinct; apart from; not united or associated. The word 'independent' means not resting on something else for

---

**2.** An issue not raised by the parties in their memoranda is whether there is the sufficient jurisdictional amount in controversy as to Count I if it is severed from Count II. Plaintiff's complaint merely states the jurisdictional amount for circuit courts in Florida, $5,000. *See* F.S.A. § 26.012(2)(a). Defendants state in both their Notice of Removal and Amended Notice of Removal that the amount in controversy exceeds $50,000; however, it is not clear from the pleadings whether such recovery is sought against all defendants, or, whether there is more than $50,000 at stake on Count I alone. Because of this Court's conclusion that Counts I and II are not separate and independent claims or causes of action under § 1441(c), it will not be necessary to make any determination as to this issue.

support; self-sustaining; not contingent or conditioned." 189 F.2d at 174.

As previously noted, the plaintiffs' complaint initially sets forth the relevant facts in an introductory section entitled "Allegations Common to All Counts." Plaintiffs allege that on June 6, 1986, they purchased a parcel of real property from MSF and MANAGEMENT, located in Marion County, Florida. MSF executed and delivered a warranty deed to plaintiffs conveying the property. By executing the warranty deed MSF covenanted that it was the owner in fee simple and had good right and lawful authority to sell and convey the property. MANAGEMENT also executed a warranty deed to the property and delivered it to the plaintiffs. The same day, TITLE, acting through its authorized agent, HOMESTEAD TITLE, INC., issued a title insurance policy to the plaintiffs insuring the title to the property. Plaintiffs financed the purchase by borrowing money from Central Bank of the South, and using the subject property as security for the repayment obligation.

Approximately nine months later, the plaintiffs entered into an Agreement of Sale and Purchase with Alan J. Goldberg. Under the terms of that agreement the plaintiffs had to deliver to Mr. Goldberg a title insurance commitment agreeing to insure title to the property at the time of purchase. Subsequently, the plaintiffs discovered the existence of numerous defects in the title to the property. These defects in title allegedly constitute a breach of warranties of title given to the plaintiffs by MSF and MANAGEMENT. As a result of the foregoing, the plaintiffs were required to take a series of actions in an attempt to cure the defects in title.

All of the foregoing facts are alleged in the introductory portion of the complaint entitled "Allegations Common to All Counts." In Count I, the claim against TITLE, the plaintiffs reallege and incorporate by reference the allegations contained in that introductory portion of the complaint and then set forth a claim against TITLE for reimbursement of the expenses incurred as a result of the existence of title defects. In Count II, the claim against MSF and MANAGEMENT, the plaintiffs again reallege and incorporate by reference the allegations contained in that introductory portion of the complaint and then set forth their claim for breach of warranty and demand for indemnification.

The claims for relief asserted by the plaintiffs are not "separate and independent" claims within the meaning of § 1441(c). The factual allegations contained in the complaint relate to both counts against the defendants so that the relief sought arises "from an interlocked series of transactions." *See e.g. Vincent,* at 1037. Proof at trial will necessarily encompass proof of all those allegations contained in the introductory portion of the complaint, as well as those set forth individually in each count. In other words, if separate trials were held on each count the proof at each trial would include proof of those common allegations of that series of transactions between the plaintiffs and the defendants of the purchase of the property, obtaining of the warranty deeds, obtaining of the title insurance, the plaintiffs' financing management, and the subsequent problems arising when the plaintiffs attempted to sell the property to Mr. Goldberg.

As the plaintiffs assert, they seek recovery for only one legal wrong, the failure to get full legal title to the property as warranted by MSF and MANAGEMENT and as insured by TITLE. In addition, the damages sought against all three defendants are identical. *See,* Plaintiff's Response to Interrogatories of the Court, filed herein on November 3, 1989. The overlap of the facts necessary to prove the claims is a strong indication that they are not "separate" from, or "independent" of each other within the meaning of the statute. Accordingly, this entire case shall be remanded to the state court from which it was removed.

For all the foregoing reasons, it is now

ORDERED AND ADJUDGED:

That the plaintiffs' motion to remand this cause is hereby GRANTED, and this cause is hereby REMANDED to the Fifth Judi-

cial Circuit, in and for Marion County, Florida.

DONE AND ORDERED.