**Randall A. GOFF, Plaintiff,**

v.

**MICHELIN TIRE CORPORATION and Ron Morgan, defendants.**

**Civ. A. No. 93–A–1370–S.**

United States District Court, M.D. Alabama, S.D.

Nov. 30, 1993.

Thomas D. Motley, Dothan, AL, for plaintiff.

Fred W. Suggs, Jr., Greenville, SC, for defendants.

### ORDER

ALBRITTON, District Judge.

█ The court is of the opinion that defendants' notice of removal does not sufficiently state the grounds for this court's jurisdiction, and therefore it *sua sponte* raises the jurisdictional issue. Federal courts have not only the authority, but the duty to independently determine the propriety of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 287 n. 10, 58 S.Ct. 586, 589 n. 10, 82 L.Ed. 845 n. 10 (1938); *Robinson v. Quality Ins. Co.,* 633 F.Supp. 572, 575 (S.D.Ala.1986) (citations omitted).

In the instant case, defendants, Michelin Tire Corporation ("Michelin") and Ron Morgan ("Morgan") have removed this case to federal court contending that subject matter jurisdiction based on diversity now exists. In support of their contention, they allege that during a deposition, on November 10, 1993, plaintiff, Randall A. Goff stated that he has become a citizen and resident of Orlando, Florida. Further, defendants maintain that for the purposes of diversity jurisdiction they are citizens of New York, South Carolina and Alabama.[1] Therefore, they argue that since Goff is now a citizen of Florida, this case can be removed to federal court because of the existence of jurisdiction based on diversity of citizenship.

 The court finds defendants' contention to be meritless. A United States District Court may accept a case upon removal from a State court only if the case is one that originally could have been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)). In the case at bar, defendants have removed the suit to this court under 28 U.S.C. § 1332, which grants federal district courts jurisdiction over:

> (a) ... all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States; ...

 Moreover, to invoke subject matter jurisdiction based on diversity, under § 1332, a party must demonstrate that the citizenship of each plaintiff is diverse from that of each defendant. 28 U.S.C. § 1332; *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975) (per curiam).[2] This requirement is known as the doctrine of complete diversity.

 In the case at bar, Goff was an Alabama citizen at the time he filed his complaint in the Circuit Court of Houston County, Alabama. Therefore, because Morgan is also an Alabama citizen, there was no diversity and the case could not have been originally brought in federal court. The fact that Goff is now a Florida citizen does not change the situation existing at the time this case was first filed. In order for defendants to be able to remove this case to federal court based on diversity, diversity must have existed at both the time the complaint was originally filed and at the time of removal. *Stevens v. Nichols*, 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914 (1889); *Garza v. Midland Nat. Ins. Co.*, 256 F.Supp. 12, 13 (S.D.Fla.1966).

 Additionally, removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir.1985); *Arnov Realty Co. v. Minnesota Title Ins. Co.*, 730 F.Supp. 406, 407–08 (M.D.Fla.1989). Since the defendant Morgan is a resident of Alabama the defendants would be precluded from removing this case even if the plaintiff had been a nonresident when the suit was filed.

Accordingly, the court finds that it does not have diversity jurisdiction over this case.

It is therefore the ORDER of this court that this case is remanded to the Circuit Court of Houston County, Alabama. *See* 28 U.S.C. § 1447(c).

---

1. 28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all states where it has been incorporated and, second, of the state where it has its principal place of business. Michelin is incorporated under the laws of New York and has its principal place of business in South Carolina. Morgan is a citizen of Alabama.

2. In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.