BALDOCK, Circuit Judge,
dissenting.
Assuming, as the court’s opinion does, that the Eleventh Amendment is a limit on a federal court’s subject matter jurisdiction rather than a waivable affirmative defense, a debatable assumption at best, the court correctly concludes that under 28 U.S.C. § 1447(d), we do not have the power to review the district court’s remand of the claims barred by the Eleventh Amendment. My agreement with the court’s opinion ends with this conclusion. The court then conveniently avoids the question of whether 28 U.S.C. § 1441(a) requires remand of the entire case where a portion of its claims are barred by the Eleventh Amendment, by holding that the district court determined in good faith that it lacked subject matter jurisdiction over the entire case. The court’s reading of the district court’s order in this case is untenable. Contrary to the court’s opinion, we have both the power and duty to review the district court’s remand of the claims which are not barred by the Eleventh Amendment, because the district court’s remand order was not, “to a fair degree,” based upon a. lack of subject matter jurisdiction as required by 28 U.S.C. § 1447(c). Flores v. Long, 110 F.3d 730, 733 (10th Cir.1997). Therefore, I dissent.
A.
Under § 1447(d), an order remanding an action on a ground authorized by § 1447(c) is immune from review. See Things Remembered, Inc. v. Petrarca, — U.S. -, -, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995). Only two grounds for remand exist under § 1447(c), namely, (1) a lack of subject matter jurisdiction and (2) “any defect other than lack of subject matter jurisdiction,” i.e., a *1364 procedural or nonjurisdictional defect.[1] Because this court dismisses the appeal for lack of subject matter jurisdiction, its opinion does not address any other possible defect in Defendants’ removal. At the outset, then, we are concerned only with the first ground for remand under § 1447(e) — the district court’s lack of subject matter jurisdiction over the ease.
As the court correctly notes, if a district court makes a “good faith” determination that it lacks subject matter jurisdiction over a particular action, despite relying on erroneous principles in doing so, then the remand order is immune from review under § 1447(d). See Flores, 110 F.3d at 732-33. The court also correctly notes that a district court’s assertion that it lacks subject matter jurisdiction, even with reference to § 1447(c), does not per se render a remand order unre-viewable under § 1447(d). Rather, as we recognized in Flores, “ ‘[Pjowerful policy considerations and persuasive authority support our power — and responsibility — to look past contextually ambiguous allusions and even specific citations to § 1447(c) to determine by independent review of the record the actual grounds or basis upon which the district court considered it was empowered to remand.’ ” Id. at 732 (quoting Mangold v. Analytic Serv. Inc., 77 F.3d 1442, 1450 (4th Cir.1996)) (emphasis added).
But the court then reasons, erroneously, that because in Flores we construed the district court’s remand order as concluding that it lacked subject matter jurisdiction over the entire case, we are bound to read the district court’s remand order in this case the same way. Not so. The availability of appellate review of a particular remand order is determined by reference to that particular order, not an order in an entirely different case. See Flores, 110 F.3d at 732. The district court in this case never ruled it lacked subject matter jurisdiction over the action in its entirety. Unlike our reading of the district court’s order in Flores v. Long, 926 F.Supp. 166 (D.N.M.1995), appeal dismissed 110 F.3d 730 (10th Cir.1997), which I am bound to accept, no reasonable reading of the district court’s remand order in this case even remotely suggests that the district court remanded the case because it lacked subject matter jurisdiction over the action in its entirety.
The district court ruled that it lacked subject matter jurisdiction only over the claims against the state agencies, including the official-capacity claims against the state officials, under the Eleventh Amendment. The district court further ruled that it had original subject matter jurisdiction over the remaining federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The court wrote: “It is therefore clear that the Court has original jurisdiction over Plaintiffs § 1983 claims against the named individual state officers in their individual capacities. Accordingly, the Court would also have supplemental jurisdiction over Plaintiffs state law claims against the named individual state officials in their individual capacities.” Archuleta v. Lacuesta, No. CV-95-1274-MV, unpub. order at 3-4 (D.N.M., filed Aug. 15, 1996) (reproduced as Appendix I). The district court nevertheless decided that 28 U.S.C. § 1441(a) required it to remand the action in its entirety because the Eleventh Amendment barred a portion of the claims.[2] The district court supported its decision to remand the entire action with various policy considerations having nothing to do with subject matter jurisdiction. The court cited the policies of avoiding the additional costs, res judicata problems, and possible prejudice to both parties engendered by parallel federal and state court proceedings, as well as the *1365 policy of protecting Plaintiffs choice of forum.
The only language in the district court’s order which even hints of a purported lack of subject matter jurisdiction reads: “The Court further concludes that Defendants removed this case improvidently and without jurisdiction because the Eleventh Amendment precludes this civil action from being one which could have originally been filed in federal court.” Archuleta, unpub. order at 6 (emphasis added). Such language cannot justify this court’s conclusion that the district court’s remand was based on a lack of subject matter jurisdiction. First, the “improvidently and without jurisdiction” language was deleted from 28 U.S.C. § 1447 by the Judicial Improvement and Access to Justice Act of 1988, Pub.L. No. 100-702, § 1016(e), 102 Stat. 4642, 4670 (1988), and could not have been relied upon by the district court in good faith. Second, taken literally, the district court’s statement is manifestly incorrect and cannot be relied upon in good faith because civil actions containing claims barred by the Eleventh Amendment are routinely filed in federal court. Only those claims barred by the Eleventh Amendment are dismissed, not necessarily the entire action. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984) (Eleventh Amendment bars claims, not cases); Mascheroni v. Board of Regents, 28 F.3d 1554, 1558 (10th Cir.1994) (same). Third, the only logical way to read the district court’s statement is in the context of the district court’s reasoning as to why it remanded the entire case. The district court remanded the case because it believed 28 U.S.C. § 1441(a) did not authorize the action’s removal from state court in the first place, not because the district court believed it lacked subject matter jurisdiction over the action.
This court’s blind reliance on Flores forces us to ascribe a legal error to the district court in this case that the district court never made-speeifieally, the error that a removal in purported violation of § 1441(a) somehow deprived the district court of subject matter jurisdiction. One cannot reasonably argue that the removal statutes, including § 1441(a), set forth principles of subject matter jurisdiction, although that’s what this court says the district court opined. The unreasonableness of this court’s position is not surprising, but rather apparent, because the removal statutes are solely procedural in nature. See e.g., Mackay v. Uinta Development Co., 229 U.S. 173, 176, 33 S.Ct. 638, 639, 57 L.Ed. 1138 (1913) (“Removal proceedings are in the nature of process to bring the parties before the United States court.”); Peterson v. BMI Refractories, 124 F.3d 1386, (11th Cir.1997) (“Supreme Court has long treated the technical requirements of the federal removal statutes as procedural, not jurisdictional.”); Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 49 (3d Cir.1995) (“Supreme Court [has] consistently refused to treat the removal statutes as imposing independent jurisdictional requirements.”). Even assuming § 1441(a) did not authorize the action’s removal, the district court still had subject matter jurisdiction over those claims not barred by the Eleventh Amendment. The district court expressly recognized this in its remand order. Ar-chuleta, unpub. order at 3-4. In relying on § 1441(a) to remand the entire action, the district court at most recognized a procedural or nonjurisdictional defect in Defendants’ removal. See supra, note 1. Whether Defendants’ removal of this action from state court was improper is a question separate and apart from the question of the district court’s subject matter jurisdiction. If the removal statutes were a source of subject matter jurisdiction, then every defect in removal procedure would amount to an unwaivable lack of subject matter jurisdiction. But this is not the case. See 28 U.S.C. § 1447(c) (after 30 days, failure to object to a procedural or nonjurisdictional defect in removal constitutes waiver). Thus, it escapes me how this court concludes that the district court ruled in good faith that 28 U.S.C. § 1441(a) somehow deprived it of subject matter jurisdiction over the entire action.
B.
The only logical construction of the district court’s remand order is that “the federal removal statute does not countenance piecemeal removal of particular claims, and that *1366 ‘civil’ action under the removal statute [28 U.S.C. § 1441(a) ] refers to the entire ease filed in state court.” Archuleta, unpub. order at 4. Because, contrary to this court’s opinion, the district court clearly did not remand the action for lack of subject matter jurisdiction and could not have done so in good faith, the court should address the issue of whether the presence of claims barred by the Eleventh Amendment required the district court to remand the entire action.
To resolve this issue, the court first should ask whether § 1441(a) proscribes removal of an action where one portion of the action is within the original subject matter jurisdiction of the district court, but the remaining portion is not. If the answer to this first question is no, our inquiry there ends because we undoubtedly have appellate jurisdiction under 28 U.S.C. § 1291 to conclude that the district court committed reversible error in remanding to state court the federal claims against the state officials in their individual capacities. See Quackenbush, — U.S. at -- -, 116 S.Ct. at 1718-20 (Because the district court’s remand order was not properly based on § 1447(c) and put the litigants “effectively out of court,” surrendering jurisdiction of a federal suit to a state court, the remand order was final and appealable.).
If the answer to the first question is yes, however, the court next should ask whether failure to meet the requirements of § 1441(a) constitutes a procedural or nonjurisdictional defect under § 1447(c). If the answer to this second question is no, the court likewise has jurisdiction under 28 U.S.C. § 1291 to affirm the district court because a remand based upon a failure to meet the requirements of § 1441(a) is not an unreviewable order under § 1447(d). See Things Remembered, — U.S. at -, 116 S.Ct. at 497 (only an order remanding an action under § 1447(c) is immune from review under § 1447(d)).
If the answers to both the first and second questions are yes, the court then should ask whether Plaintiff raised the § 1441(a) objection within thirty days of removal as required by § 1447(c). If the answer is no, then Plaintiff has waived the defect, and the court should issue a writ of mandamus directing the district court to exercise jurisdiction over the federal claims. While this court has not addressed the issue of whether, absent a timely objection, a district court is empowered to remand an action sua sponte for a procedural or nonjurisdictional defect under § 1447(c), every circuit to have considered the issue has held that a district court lacks this power and issued a writ of mandamus directing the district court to exercise jurisdiction. See e.g., In re First Nat’l Bank of Boston, 70 F.3d 1184, 1187-90 (11th Cir.1995), vacated upon settlement 102 F.3d 1577 (11th Cir.1996); Page v. City of Southfield, 45 F.3d 128, 132-33 (6th Cir.1995); In re Continental Cas. Co., 29 F.3d 292, 294-95 (7th Cir.1994); In re Allstate Ins. Co., 8 F.3d 219, 222-23 (5th Cir.1993). See also Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 352-53, 96 S.Ct. 584, 593-94, 46 L.Ed.2d 542 (1976) (“[U]se of mandamus [is proper] to prevent nullification of the removal statutes by remand orders resting on grounds having no warrant in law.”).
Finally, if the answer to all three questions is yes, the court would not have jurisdiction to review the district court’s remand of this action under § 1447(d). The court does have jurisdiction, however, to answer these questions for only then can we determine whether the court actually lacks appellate jurisdiction to review a remand based upon a timely objection to a procedural or nonjurisdictional defect under § 1447(c). See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 319-20, 84 L.Ed. 329 (1940) (Federal courts have authority “to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute[s] under which they are asked to act.”).
C.
In this case, the court need not answer the second and third questions for its answer to the first question should be a resounding no. Because § 1441(a) does not proscribe removal of the federal claims against the state officials in their individual capacities, the district court committed reversible error in remanding these claims to state court. The court need not inquire further.
*1367 As the court’s opinion notes, the circuits are divided over this first question of whether the pi-esence of claims barred by the Eleventh Amendment requires remand of an entire civil case to state court or only remand of the barred claims. The Fifth and Seventh Circuits held the former. McKay v. Boyd Constr. Co., 769 F.2d 1084, 1086-87 (5th Cir.1985); Frances J. v. Wright, 19 F.3d 337, 340-42 (7th Cir.1994). The Sixth and Ninth Circuits held the latter. Henry v. Metro. Sewer Dist., 922 F.2d 332, 338-39 (6th Cir.1990); Kruse v. Hawaii, 68 F.3d 331, 334-35 (9th Cir.1995); see also Brewer v. Purvis, 816 F.Supp. 1560, 1570-71 (M.D.Ga.1993), aff'd volo opinion, 44 F.3d 1008 (11th Cir.1995). I believe the latter is the better view.
McKay and Frances J. erroneously equate the requirements of the removal statutes, specifically § 1441(a), (or what they call “removal jurisdiction”), which are waivable, with original subject matter jurisdiction, which is not waivable. As explained, § 1441 does not prescribe separate rules of subject matter jurisdiction. Rather, § 1441 merely provides a procedural mechanism for a party to remove a qualifying case to federal court. See Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1543-46 (5th Cir.1991) (distinguishing improper removal from lack of subject matter jurisdiction). Thus, both McKay and Frances J. improperly raised sua sponte what at most was a procedural or nonjurisdictional defect which plaintiffs had long since waived. This is simply wrong.
Perhaps the greater problem with McKay and Frances J., however, is the construction that these cases place upon 28 U.S.C. § 1441(a). Section 1441(a) states that “any civil action brought in State Court of which the district courts ... have original jurisdiction, may be removed....” Both McKay and Frances J. construe § 1441(a) to say that a district court must have original subject matter jurisdiction over a civil action in its entirety before removal is permitted. Section 1441(a) cannot reasonably be read to say this.
A “civil action” is no less a civil action because it contains claims barred by the Eleventh Amendment. See Fed.R.Civ.P. 2 (“There shall be one form of action to be known as ‘civil action.’ ”) A civil suit in federal court is a “civil action,” whether the suit is originally filed in or removed to federal court. See Fed.R.Civ.P. 81(c) (“These rules apply to civil actions removed to the United States district courts from the state courts.”). Had Plaintiff originally filed this action in district court, the court undoubtedly would have maintained jurisdiction over the federal law claims against the state officials in their individual capacities under its original subject matter jurisdiction and would have dismissed the claims barred by the Eleventh Amendment. Plaintiff might then have brought her Eleventh Amendment claims in state court. In Pennhurst, the Supreme Court recognized that application of the Eleventh Amendment may result in the trial of claims arising out of a common incident in both federal and state court. 465 U.S. at 121-22, 104 S.Ct. at 919-20.
Second, a fully consistent reading of § 1441(a) under the logic of McKay and Frances J. would bar removal of any civil rights action containing both federal claims cognizable under 42 U.S.C. § 1983, and state claims cognizable under 28 U.S.C. § 1367.[3] This is because the term “original jurisdiction” as used in § 1441(a) cannot be reasonably construed to include supplemental jurisdiction. Supplemental jurisdiction under § 1367 differs unmistakably from original jurisdiction. Yet, civil actions containing both federal and state law claims are removable under § 1441(a). See 28 U.S.C. § 1441(c) (permitting removal of claims within the district court’s supplemental jurisdiction); H.R.Rep. No. 101-734, at 22-23 (1990), reprinted in 1990 U.S.C.C.A.N. 6860, 6868-69 (indicating claims within federal courts’ supplemental jurisdiction are removable). Thus, *1368 the court should construe § 1441(a) to permit a defendant to remove those portions of a federal civil rights action over which the district court has original subject matter jurisdiction.
The court’s interpretation of § 1441(a) should afford closer parity in the treatment of removed actions and original actions. Reasonably construed, § 1441(a) authorizes a defendant to remove any ease which a plaintiff could have originally filed in federal district court. The court should read § 1441(a) as a pass-through provision authorizing removal of a case which could have been originally filed in federal court, and not as a provision providing different rules of subject matter jurisdiction in removed cases. While the removal statute does not countenance the partial removal of civil actions, the remand of only some of an action’s claims clearly is permitted. See Westinghouse Credit Corp. v. Thompson, 987 F.2d 682, 685 (10th Cir.1993); Texas Hosp. Ass’n v. National Heritage Ins. Co., 802 F.Supp. 1507, 1515-16 (W.D.Tex.1992) (collecting cases). Because the Eleventh Amendment is a jurisdictional bar against specific claims, not entire actions, it does not deprive a federal court of otherwise proper jurisdiction over the remainder of the action.
D.
Understandably, the federal district judges in New Mexico are not enthusiastic about adding more cases to their already crowded dockets. Not surprisingly then, New Mexico’s federal district judges uniformly hold that the district court’s lack of jurisdiction due to Eleventh Amendment immunity over some but not all claims in a civil rights action bars removal of any part of the action, and therefore remand the entire action. In addition to Flores and Archuleta, also see Jackson v. Central New Mexico Correctional Facility, No. CV-93-1384-PJK, unpub. order (D.N.M., filed March 15, 1996); Hill v. New Mexico, No. CV-95-0117-M, unpub. order (D.N.M., filed March 13, 1996); Atwa v. New Mexico Highway & Transportation Dept., No. CV-95-948-JC, unpub. order (D.N.M., filed Dec. 11, 1995); Fay v. Davis, No. CV-95-949-JP, unpub. order (D.N.M., filed Dec. 5, 1995). But as the Supreme Court has admonished the district courts: “[A]n otherwise properly removed action may be no more remanded because the district court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be dismissed or referred to state courts for such reason.” Thermtron Products, 423 U.S. at 344, 96 S.Ct. at 590. Federal district courts “have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.” Quackenbush, — U.S. at -, 116 S.Ct. at 1720-21. While this duty is not absolute, a district court may decline to exercise its original subject matter jurisdiction only in exceptional circumstances. See id. The existence of a parallel state proceeding and the problems it engenders alone are insufficient to support a decision to remand claims within a district court’s federal question jurisdiction under 28 U.S.C. § 1331. The district court in this case based its remand order largely on what it labeled “equitable and practical considerations.” Archuleta, unpub. order at 4. Such considerations, however, provide no basis for remanding an otherwise properly removed action for damages. See Quackenbush v. Allstate Ins. Co., — U.S. -, -, 116 S.Ct. 1712, 1728, 135 L.Ed.2d 1 (1996) (“[Fjederal courts have the power to ... remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.”). In this case, I would direct the district court to exercise its Congressionally-mandated jurisdiction over the federal claims against the state officials in their individual capacities.[4] Accordingly, I dissent.
*1369 APPENDIX I
IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO
Lorraine E. Archuleta, Individually, as Personal Representative of the Estate of Marvin Archuleta, Deceased, and as Parent and Next Friend of Linda Archuleta, Marvin Archuleta, Jr., Lora Archuleta, and Peter Archuleta, Minors, Plaintiffs, v. Westly Lacuesta, et al., Defendants.
No. 6:95-CV-1274 MV/DJS.
Filed Aug. 15, 1996.
MEMORANDUM OPINION GRANTING PLAINTIFF’S OCTOBER 31, 1995 MOTION TO REMAND
THIS MATTER comes before the Court on Plaintiffs October 31, 1995 Motion to Remand [Doc. No. 4]. Plaintiff seeks an order remanding this case in its entirety to the Fourth Judicial District, County of San Miguel, State of New Mexico, and requiring Defendants to pay all just costs and actual expenses, including attorneys fees, incurred by Plaintiffs as a result of Defendants’ October 30, 1995 removal of the case from state court to this Court. Having read the parties’ submissions and being otherwise well advised in the premises, the Court finds Plaintiffs Motion to Remand is well taken and should be granted.

BACKGROUND

This case concerns claims against individual New Mexico State Police officers, the Chief of the New Mexico State Police, the New Mexico Police Department, and the New Mexico Department of Public Safety alleging use of excessive force and the resulting wrongful death of Plaintiffs’ decedent. When Plaintiffs initially filed this case on July 7, 1995 in the District Court for the Fourth Judicial District, County of San Miguel, State of New Mexico, the complaint set forth only claims arising under the New Mexico Tort Claims. On October 12, 1995, Plaintiffs were granted leave to file an amended complaint adding claims under 42 U.S.C. § 1983. On October 25, 1995, Defendants filed a notice removing this action to the United States District Court For The District of New Mexico, based on the claims arising under § 1983.
The Eleventh Amendment bars suits in federal court for damages against states, state agencies or departments, or against state officials in their official capacity, unless a state unequivocally waives its sovereign immunity or Congress expressly waives the states’ sovereign immunity in creating a federal statutory cause of action. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100-03, 104 S.Ct. 900, 907-10, 79 L.Ed.2d 67 (1984); Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355-56, 39 L.Ed.2d 662 (1974); Kentucky v. Graham, 473 U.S. 159, 169-70, 105 S.Ct. 3099, 3107-08, 87 L.Ed.2d 114 (1985). Congress did not rescind the states’ Eleventh Amendment immunity in enacting § 1983. Quern v. Jordan, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979). Moreover, although New Mexico has waived its immunity from suit in its own state courts for certain actions of law enforcement officers under the TCA, New Mexico has not waived its Eleventh Amendment immunity from suit in federal court. N.M. Stat. Ann. § 41-1-4(F).
This Court therefore lacks jurisdiction to hear Plaintiffs state law claims against the New Mexico State Police, the New Mexico Department of Public Safety, as well as the State Police Chief and officers in their official capacities under the Eleventh Amendment. There is no question that Plaintiffs TCA claims must be remanded to state court; the sole issue disputed by the parties is whether this Court should remand the entire case to the state court or only the state law claims.
*1370 Plaintiffs argue that splitting the case between federal and state court would unfairly and improperly force Plaintiffs to litigate in multiple forums, provide for potentially contradictory results, unnecessarily give rise to issues of res judicata, collateral estoppel, and abstention, and result in the inefficient use of judicial resources. On the other hand, Defendants contend that remand of the entire ease to state court is improper because they have a fundamental right to have their “federal rights” vindicated in federal court. As set forth below, this Court agrees with Plaintiffs.

REMAND

Defendants removed this case under 28 U.S.C. § 1441, which only authorizes removal of civil actions that are within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) (1996). Federal removal jurisdiction is statutory in nature and is to be strictly construed. Shamrock Oil & Gas v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Doubtful cases must be resolved in favor of remand. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995).
A state official sued in his or her individual capacity under § 1983 is not cloaked with the state’s Eleventh Amendment immunity from suit in federal court. Hafer v. Melo, 502 U.S. 21, 30-31, 112 S.Ct. 358, 364-65, 116 L.Ed.2d 301 (1991). It is therefore clear that the Court has original jurisdiction over Plaintiffs § 1983 claims against the named individual state officials in their individual capacities. Accordingly, the Court would also have supplemental jurisdiction over Plaintiffs state law claims against the named individual state officials in their individual capacities. 28 U.S.C. § 1367(a) (1996).
Nevertheless, the Court is persuaded that legal, equitable and practical considerations mandate remanding this case in its entirety. First, this Court concurs with other courts in the District of New Mexico which have concluded that the federal removal statute does not countenance piecemeal removal of particular claims, and that “civil action” under the removal statute refers to the entire case filed in state court. 28 U.S.C. § 1441(a) (1996). See Flores v. Long, Civ. 94-731LH/LFG, slip op. (August 17, 1995); Atwa v. State of New Mexico Highway Department, et al. Civ. 95-948 JC/DJS, slip op. (December 11, 1995); Fay et al. v. Davis et al. Civ. 95-949 JP/WWD, slip op. (December 5, 1995); Jackson v. Central New Mexico Correctional Facility, et al. Civ. 93-1384 PJK/MV/DJS, slip op. (March 15, 1996).
Second, splitting Plaintiffs’ case between federal and state court, as Defendants urge the Court to do, will unnecessarily and unfairly force Plaintiffs to litigate in multiple forums, since state courts have concurrent jurisdiction over Plaintiffs’ federal civil rights claims and are competent to hear this suit in its entirety. See, e.g., Will v. Calvert Fire Ins. Co., 437 U.S. 655, 662-63, 98 S.Ct. 2552, 2557-58, 57 L.Ed.2d 504 (1978) (a district court is under no compulsion to exercise jurisdiction where the controversy may be settled more efficiently in the state court): Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (partial remand rejected where state court had plenary jurisdiction, was competent to hear federal civil rights claims and provided the only forum that unequivocally had jurisdiction over all of the claims in the action).
Third, Defendants are unlikely to be prejudiced as they suggest by a remand of this case in its entirety. Being state defendants, it is difficult for the Court to fathom how they would be prejudiced by being required to appear in a court of their own state. Moreover, the Court concurs with Plaintiffs and find Defendants’ assertion of a “fundamental right to have their [Defendants’] federal rights heard and vindicated in federal courts” is not well taken. In the absence of a counterclaim by Defendants, it is clearly only Plaintiffs who seek vindication of federal rights in this case, not Defendants. Furthermore, a partial remand of this case is just as likely to prejudice Defendants as Plaintiffs. Defendants and Plaintiffs alike would face the additional burden and expense of piecemeal litigation as well as the risk of multiple and/or contradictory judgments. See, e.g., Holland v. World Omni Leasing, Inc., 764 F.Supp. 1442 (N.D.Ala.1991) (remand of en *1371 tire case warranted where state law predominated and federal claims were so intertwined with state claims as to make dual proceedings impracticable and pose the risk of res judicata problems).
Fourth, Plaintiffs’ right to choose their forum traditionally merits significant deference by the Court. See Flores v. Long, Civ. 94-731 LH/LFG, slip op. (August 17, 1995); Atwa v. State of New Mexico Highway Department, et al., Civ. 95-948 slip op. (December 11, 1995). To remand part of this case would not only abrogate this well settled plaintiffs right, it would also needlessly interject the risk that future state defendants will be encouraged to invoke federal removal statutes either to unfairly burden plaintiffs or to dodge official capacity liability.
Fifth, to conclude that Defendants should be permitted to split Plaintiffs’ case between state and federal court overlooks fundamental principles of judicial economy and disregards the Supreme Court’s mandate that the right of removal is to be strictly construed. Shamrock, 313 U.S. at 108, 61 S.Ct. at 872.
In conclusion, the Court finds that remanding this case in its entirety to state court will limit the potential for contradictoiy results, promote the efficient use of judicial resources, uphold principles of federal abstention, and narrow potential res judicata problems. The Court further concludes that Defendants removed this case improvidently and without jurisdiction because the Eleventh Amendment precludes this civil action from being one which could have been originally filed in federal court. 28 U.S.C. § 1447(c) (1996); Flores v. Long, Civ. 94-731 LH/LFG, slip op. (August 17, 1995); Atwa v. State of New Mexico Highway Department, et al., Civ. 95-948 JC/DJS, slip op. (December 11, 1995); Fay et al. v. Davis et al., Civ. 95-949 JP/WWD, slip op. (December 5, 1995); Jackson v. Central New Mexico Correctional Facility, et al., Civ. 93-1384 PJK/ MV/DJS, slip op (March 15, 1996). Accordingly, this case shall be remanded in its entirety to the Fourth Judicial District, County of San Miguel, State of New Mexico.

AWARD OF COSTS AND FEES

The record shows that Plaintiffs actively appealed to Defendants not to remove this case in light of Flores v. Long, Civ. 94-731 LH/LFG, slip op. (August 17, 19965). Even though Defendants were aware of that ruling, they elected to force Plaintiffs to file their Motion to Remand and to force this Court to again consider the issue. Under those circumstances, the Court agrees with Plaintiffs that removal was unreasonable and Plaintiffs should not be required to bear the costs and expenses resulting from the removal. Accordingly, Defendants shall be required to pay all just costs and actual expenses, including reasonable attorneys fees, incurred by Plaintiffs as a result of the removal.
An order in accordance with this opinion shall be entered.
/s/ Martha Vazquez
Martha Vazquez
United States District Judge

. On October 1, 1996, Congress amended § 1447(c) by removing the language "any defect in removal procedure,” and replacing it with "any defect other than lack of subject matter jurisdiction.” Pub.L. No. 104-219, 110 Stat. 3022 (1996).

. Section 1441(a) reads:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
28 U.S.C. § 1441(a)

. Section 1367(a) provides:
Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have origina! jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
28 U.S.C. § 1367(a) (emphasis added).

. The district court remanded the state law claims against the officers in their individual capacities even though the court recognized that these claims fell within its supplemental jurisdiction under 28 U.S.C. § 1367. The district court did not abuse its discretion in remanding these claims. See King Fisher Marine Svc., Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir.1990). A district court may remand claims within its supplemental jurisdiction when the exercise of supplemental jurisdiction is inappropriate. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S.Ct. 614, 619-20, 98 L.Ed.2d 720 (1988). The district court may exercise this discretion to remand even when federal claims remain in the suit. See Westinghouse Credit *1369 Corp. v. Thompson, 987 F.2d 682, 684-85 (10th Cir.1993). In this case, the Eleventh Amendment required remand of the state law claims against the state officials in their official capacities. The district court did not abuse its discretion in remanding the state law claims against the officials in their individual capacities as well.