Bill Hughes KENNEDY, et al.

v.

Logan WIDDOWSON, et al.

Civ. No. L–90–3018.

United States District Court,
D. Maryland.

Sept. 3, 1992.

Gerald R. Walsh and Dana Whitehead, Baltimore, Md., for plaintiffs.

J. Joseph Curran, Jr., Atty. Gen. of Maryland and Steven G. Hildenbrand, Asst. Atty. Gen., Baltimore, Md., for defendant Widdowson.

Deborah Ashare, Rockville, Md., for defendants Jones & Lewis.

Peter A. Wimbrow, III, Ocean City, Md., for defendant Nelson.

## MEMORANDUM OPINION

LEGG, District Judge.

In this case the Court is called upon to decide the motion to dismiss counts I and II of plaintiffs' complaint filed by defendant Oliver Weldon Nelson, the motion to dismiss count I of plaintiff's amended complaint filed by defendants Robert Jones and William Lewis, and the motion to dismiss the amended complaint filed by defendant Logan Widdowson. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the defendants' motions.

### I. Facts

This case was previously before Senior United States District Judge Norman P. Ramsey. In a Memorandum and Order dated June 20, 1991, Judge Ramsey denied an earlier motion to dismiss filed by defendants Jones and Lewis. For purposes of deciding the present motions, this Court must assume *arguendo* that the facts plead in the amended complaint are true; these facts were set forth by Judge Ramsey in that decision as follows:

In 1988, the plaintiffs, Bill and Rebecca Kennedy, contracted to buy a house on the Eastern Shore of Maryland from Weldon Oliver Nelson, Sr. On settlement day, Nelson refused to move out of the house, thereby preventing the Kennedys from moving in. Nelson eventually moved out of the house, but the Kennedys were still

unable to move in as Nelson had removed the furnace. The Kennedys did, however, move their furniture and other belongings into the house and sheds on the property and went to stay with Mr. Kennedy's mother. The Kennedys placed new locks on the sheds and left "no trespassing" signs and their dog on the property.

Nelson had left some tools in his shed and when he discovered that the locks had been changed he contacted Logan Widdowson, State's Attorney for Somerset County. Widdowson, also a defendant in this case, is Nelson's second cousin and a personal friend. Widdowson called the Kennedys and informed Kennedy's mother that the Kennedys would be arrested if they did not allow Nelson onto the property. Widdowson also registered a complaint with Sheriff Robert Jones and told the sheriff to go to the Kennedy's house and "keep the peace" while Nelson removed his property.

Widdowson told the Kennedys that the sheriff would escort Nelson onto the property to remove his property from the shed. The sheriff honored Widdowson's request and sent Deputy Sheriff William Lewis to escort Nelson. When the Kennedys arrived, the deputy sheriff ordered the Kennedys to unlock the sheds. When the sheriff later came on the scene, the Kennedys complained that Nelson and the deputy sheriff were on their property illegally and attempted to show documentation of ownership. The sheriff met this offer of proof by threatening to arrest the Kennedys.

For eight hours the Kennedys watched Nelson remove all the property from the shed, including that which belonged to them. The Kennedys' property has never been returned.

The plaintiffs bring suit against Logan Widdowson personally and in his official capacity as State's Attorney for Somerset County, Robert Jones personally and in his official capacity as Sheriff of Somerset County, William Lewis in his official capacity as Deputy Sheriff of Somerset County, and Weldon Oliver Nelson, Sr. In a five-count amended complaint, the plaintiffs allege the following: (i) violation of their rights under the Fourteenth Amendment of

the United States Constitution pursuant to 42 U.S.C. § 1983; (ii) violation of their rights under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983; (iii) trespass; (iv) conversion; and (v) civil conspiracy to commit trespass and conversion. The plaintiffs seek both monetary and injunctive relief.

The defendants moved to dismiss the amended complaint pursuant to Fed. R.Civ.P. 12(b)(6), and on March 17, 1992, this Court entered a Memorandum and Order dismissing without prejudice all of the plaintiffs' claims against all of the defendants, subject to the condition that all of the defendants waive any and all defenses in the nature of statute of limitations or prescriptions that they may have under Maryland law. The defendants, however, never met the terms of the conditional dismissal.

On May 18, 1992, the Court vacated the order of conditional dismissal. On June 16, 1992, a motions hearing was held in open court.

II. Discussion

The Fourth Circuit has stated that in actions under 42 U.S.C. § 1983, a motion to dismiss pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond doubt that the plaintiff[s] can prove no set of facts to support [their] allegations." *Revene v. Charles County Com'rs*, 882 F.2d 870, 872 (4th Cir.1989). In considering the defendants' motions, the Court construes the Kennedys' amended complaint in the light most favorable to them.

A. *"Person under the color of law" under Section 1983*

Section 1983 provides in part, "[e]very person who, under the color of any statute, ordinance, regulation, custom or usage of any state ... causes ... the deprivation of any rights ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. The statute itself does not create any substantive rights; rather, it is a vehicle for bringing lawsuits in fed-

eral court for violations of the United States Constitution as well as other statutes. In this case, the plaintiffs bring suit in counts I and II pursuant to section 1983 for alleged violations of the Fourteenth and Fourth Amendments of the United States Constitution.

■ The first step in any section 1983 case is to determine whether the challenged activity was perpetrated by "persons under the color of state law" within the meaning of the statute. The Supreme Court has found such persons to include state and local governmental officials, local governmental entities, and, at times, private individuals acting in concert with such other "persons." [1] *See* Erwin Chemerinsky, *Federal Jurisdiction*, §§ 8.5–8.7 (1989 and Supp.1990). Unless a defendant is a "person" under section 1983, there is no statutory basis for liability.

■ In this case, the Kennedys have sued defendants Widdowson and Jones in both their individual and official capacities, defendant Lewis in his official capacity only,[2] and defendant Nelson, who is not a public employee, as an individual. Suing the defendants in their individual capacities simply means that the Kennedys seek relief from the defendants directly; by suing the defendants in their official capacities, the Kennedys effectively bring suit against the governmental bodies for which the officials work. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). Under Supreme Court doctrine these different capacities require separate analyses.

### 1. *Defendants in their individual capacities.*

■ The Court must first determine whether State's Attorney Widdowson and Sheriff Jones in their individual capacities are "persons acting under the color of state law" within the meaning of section 1983. Clearly, Widdowson and Jones are "persons," *see Hafer v. Melo*, — U.S. —, — – —, 112 S.Ct. 358, 362–63, 116 L.Ed.2d 301 (1991), and, as governmental officials, their actions occurred under the color of state law. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Thus, these two defendants, in their individual capacities, satisfy the initial statutory requirements of section 1983 and are persons acting under the color of state law.[3]

■ The analysis is slightly different with regard to defendant Nelson. He, too, is a "person" under section 1983, but unlike the other defendants, he is a private individual whose activity is under the color of state law only if it constitutes "state action." Based on the Supreme Court's decision in *Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1981), the Court finds that Nelson's joint participation with officers Jones and Lewis in removing the property from the Kennedy's garage render him a state actor. *Lugar*, 457 U.S. at 941, 102 S.Ct. at 2758 ("A private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment."). Because Nelson is a state actor in this situation, he is treated, for

---

1. A state, *qua* state, is not, however, a "person" for purposes of section 1983.

2. The attached order grants the plaintiffs leave to amend the complaint to name Lewis as a defendant in his individual capacity.

3. Generally, public officials may be entitled to either absolute or good faith immunity from suit. None of the defendants have contended that he is entitled to absolute immunity under the facts alleged. Jones and Lewis, as law enforcement officers, may, however, be entitled to good faith immunity which is designed to shield them from liability. Recently, the Fourth Circuit stated that, "the test of qualified immunity for police officers sued under [section] 1983 is

whether in performing discretionary functions, they have engaged in conduct that violates 'clearly established constitutional rights of which a reasonable person would have known.'" *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir.1992) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The Court will not disturb Judge Ramsey's previous determination that if Jones and Lewis acted as alleged in the amended complaint, they would not be entitled to good faith immunity because their acts constituted intentional torts, arguably outside the scope of the officers' law enforcement functions.

analytical purposes, the same as the governmental officials in their individual capacities. Thus, he is also a person acting under the color of state law under section 1983.[4]

### 2. Defendants in their official capacities.

■ By suing State's Attorney Widdowson and police officers Jones and Lewis in their official capacities, the Kennedys actually bring suit against the governmental entities for which the officials work. *Brandon*, 469 U.S. at 471, 105 S.Ct. at 877. In order for these claims to be legally viable, the Kennedys must allege sufficient facts on which to base governmental liability. The Court finds, even under the liberal notice-pleading requirements of Fed. R.Civ.P. 8(a), that the plaintiffs have alleged no "fact or facts tending to support [the] assertion that [governmental] policy has caused [the] constitutional injur[ies]" claimed in this case. *Revene*, 882 F.2d at 875. Accordingly, the plaintiffs claims against Widdowson, Jones, and Lewis in their official capacities are dismissed.

■ In addition, the Court finds that count I must be dismissed because, as a matter of federal law, the state's attorney, the sheriff, and the deputy sheriff in their official capacities are not, and cannot be, "persons" within the meaning of section 1983. As discussed below, these official are all officers of the State of Maryland. Because "neither a State nor its officials acting in their official capacities are 'persons' under section 1983" when sued for monetary relief, the claims against the defendants in their official capacities are not viable under any set of facts.[5] *Will v.*

*Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). In reaching this conclusion, the Court looks to Maryland law for guidance and determines whether, as a matter of federal law, the defendants are state or local officials.

In Maryland, the office of the state's attorney is constitutionally created. *See* Constitution of Maryland, Art. V, § 7. The General Assembly of Maryland, the state's legislative body, prescribes the duties and sets the salary of the state's attorneys. Constitution of Maryland, Art. V, § 9. The Constitution of Maryland also provides that state's attorneys are subject to removal for incompetency, misconduct, or by a vote of two-thirds of the Senate, on the recommendation of the Attorney–General. Constitution of Maryland, Art. V, § 7. The Court of Appeals has held that under this scheme the state's attorney is an official of the executive branch who serves as a state, rather than local, official. *Rucker v. Harford County, Md.*, 316 Md. 275, 558 A.2d 399, 403 (1989). In light of the constitutional foundation of the office of the state's attorney, the Court finds, as a matter of federal law, that Widdowson's office is the State of Maryland.

Jones and Lewis are, respectively, Sheriff and Deputy Sheriff for Somerset County; under Maryland law sheriffs and deputy sheriffs are generally treated as state officials, but "this conclusion does not mean that, for some purposes and in some contexts, a sheriff may not be treated as a local government employee." *Rucker*, 558 A.2d at 406. Several federal courts have stated that a sheriff may be considered as

4. The Supreme Court recently held that qualified immunity is unavailable for private defendants faced with section 1983 liability for invoking a state replevin, garnishment, or attachment statute. *Wyatt v. Cole*, — U.S. —, —, 112 S.Ct. 1827, 1834, 118 L.Ed.2d 504 (1992). The Court did not, however, foreclose the possibility that under certain circumstances a private defendant could be entitled to an affirmative defense based on qualified immunity.

5. In contrast to suits for monetary relief, Widdowson, Jones, and Lewis, when sued for injunctive relief in their official capacities, are

"persons" under section 1983. This is because "official capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985). Because Widdowson, Jones, and Lewis fall within the statutory definition of person when sued in their official capacity, the Kennedys may be able to allege facts in support of their claims for injunctive relief. Accordingly, the Court dismisses the claims for monetary relief with prejudice and the claims for injunctive relief without prejudice.

a state or local official depending on whether his challenged actions arise out of his traditional law enforcement functions, which are considered statewide in nature. *See Dotson v. Chester*, 937 F.2d 920, 927 (4th Cir.1991); *Soderbeck v. Burnett County, Wis.*, 821 F.2d 446, 451 (7th Cir. 1987) (county not liable for actions of county sheriff, who is "solely an officer of the state when fulfilling his state constitutional obligations"); *Himple v. Moore*, 673 F.Supp. 758, 759 (E.D.Va.1987) (under Virginia law, county not liable for acts of county sheriff when effectuating an arrest).

The Fourth Circuit, for example, determined that because operating the county-funded jail which houses county prisoners pursuant to county regulations is not statewide in nature, the Sheriff in Dorchester County, Maryland is a county, rather than state, official in that situation. *Dotson v. Chester*, 937 F.2d 920, 927 (4th Cir.1991). *See also Parker v. Williams*, 862 F.2d 1471, 1478–81 (11th Cir.1989) (county liable for the county sheriff's hiring decisions for the county jail).

In this case the amended complaint alleges that the officers were "keeping the peace" while the property was removed from the Kennedys' shed. Regardless of the manner in which the officers carried out their duties, *see infra* II.B., keeping the peace is a traditional law enforcement function, not a localized one. *Soper v. Montgomery County, Md.*, 294 Md. 331, 449 A.2d 1158, 1161 (1982). Because such a traditional law enforcement function is considered, for federal law purposes, to be "statewide in nature," the Court finds that Jones and Lewis, in assisting Nelson and in restraining the Kennedys, acted as officers of the State of Maryland. *Dotson*, 937 F.2d at 927.

Thus, the Court, *sua sponte*, dismisses all claims against Widdowson, Jones, and Lewis in their official capacities. The claims for monetary relief are dismissed with prejudice and the claims for injunctive relief are dismissed without prejudice.

### 3. *Conclusion*

■ As mentioned earlier, section 1983 is merely a vehicle by which to bring suit in federal court; it does not create substantive rights. Once the plaintiff has passed the statutory threshold under section 1983, the plaintiff must then establish that a substantive constitutional or statutory violation has occurred. For the reasons stated above, the Court moves to this second step with regard to the following defendants: Widdowson, in his individual capacity, Jones, in his individual capacity, and Nelson.

### B. *Count I*

■ Generally, the Due Process Clause of the Fourteenth Amendment applies to deprivations of life, liberty, or property without due process of law. "The fundamental requirement of due process is the opportunity to be heard and it is an 'opportunity which must be granted in a meaningful time and in a meaningful way.'" *Parratt v. Taylor*, 451 U.S. 527, 540, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420 (1981) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). In determining whether the Kennedys have suffered a constitutional deprivation, the Court's analysis focuses on two factors: (i) the nature of the conduct that the Kennedys are challenging; and (ii) the process and remedies afforded by the state.

The leading Supreme Court cases in this complicated area are *Parratt* and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). These cases teach that when an alleged deprivation is not the result of an established state procedure (and thus is random and unauthorized), the Court must consider whether the state has provided an adequate post-deprivation remedy to redress a plaintiff's alleged loss. *See Parratt*, 451 U.S. at 543, 101 S.Ct. at 1916. This is the relevant inquiry because when an officers' actions are random and unauthorized by law, it follows that the state could not anticipate or control the officers' actions and thus would not be in a position to provide meaningful predeprivation process to the plaintiff. *See Hudson*,

468 U.S. at 533, 104 S.Ct. at 3203. "It is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place. The loss of property, although attributable to the State as action 'under the color of state law', is in almost all cases beyond the control of the State." *Parratt*, 451 U.S. at 541, 101 S.Ct. at 1916.

In this case, the allegation is not that the Kennedys' alleged loss resulted from an established state procedure; rather, the alleged loss resulted from the *failure* of State's Attorney Widdowson, Sheriff Jones, and Deputy Sheriff Lewis to follow state procedure. *Parratt*, 451 U.S. at 543, 101 S.Ct. at 1916. Because meaningful predeprivation process was impractical, the Court follows the *Hudson* analysis and considers whether adequate post-deprivation remedies are available to the plaintiffs for their losses. As counts III, IV, and V of the plaintiffs' amended complaint reflect, state causes of action may be pursued to recover the missing property itself, or its monetary equivalent. The Court finds that such post-deprivation remedies are adequate and satisfy the requirements of the Due Process Clause.

Accordingly, the Court dismisses count I as to all of the defendants.[6] *Hudson*, 468 U.S. at 533, 104 S.Ct. at 3203; *Charbonnet v. Lee*, 951 F.2d 638, 642 (5th Cir.1992).

### C. Count II

■ Count II alleges that the actions of the two state officers and Nelson in illegally removing property from the plaintiffs' garage violates the Fourth Amendment,[7] as applied to the states by the Fourteenth Amendment. In reconsidering its order of conditional dismissal, the Court finds

*Specht v. Jensen*, 832 F.2d 1516 (10th Cir. 1987), to be persuasive, and concludes that the plaintiffs have stated a cause of action under the Fourth and Fourteenth Amendments. Thus, the defendants' motions to dismiss count II are DENIED.

The facts in this case are strikingly similar to those in *Specht*. In that case, a private citizen, Ken Jacobs, acting in concert with the police, bypassed traditional legal channels in an effort to retrieve personal property. Specifically, Jacobs and the police executed warrantless searches of both George Specht's office and home in an attempt to repossess Jacobs' computer.[8] Although Jacobs' efforts were unsuccessful, the Tenth Circuit wrote, "when a government official affirmatively facilitates or encourages an unreasonable search performed by a private person, a constitutional violation occurs." *Specht*, 832 F.2d at 1523.[9]

Here, the allegation is that Nelson and the officers, without any court orders or documents, but only at the direction of Widdowson, went to the Kennedys' property and, using the threat of arrest, entered the Kennedys' locked shed, searched it, seized, among other things, personal belongings of the Kennedys, and then removed these items from the premises. The alleged actions of Nelson and the officers are arguably more unreasonable than those in *Specht*. In this case, the defendants allegedly followed no proper legal channels prior to invading the Kennedys' privacy interests, and, after entering the locked shed, the defendants physically removed the Kennedys' belongings from their property.

---

**6.** During the June 16, 1992 hearing, counsel for the plaintiffs conceded that the Kennedys have failed to state a Fourteenth Amendment claim upon which relief can be granted.

**7.** The Fourth Amendment guarantees "secur[ity] . . . against unreasonable searches and seizures."

**8.** Jacobs had, however, obtained a court order of possession and a writ of assistance that directed any sheriff to assist him in obtaining the computer.

**9.** In *Soldal v. County of Cook*, 942 F.2d 1073 (7th Cir.1991), *cert. granted,* —— U.S. ——, 112 S.Ct. 1290, 117 L.Ed.2d 514 (1992), the Seventh Circuit agreed with the decision in *Specht*. Even though the *Soldal* court found no Fourth Amendment violation on the facts before it, the court agreed with the Tenth Circuit that, "in *Specht* the conduct of the police invaded an interest that the Fourth Amendment unquestionably protects: the interest in the privacy of the home." *Soldal*, 942 F.2d at 1076.

Under the facts alleged in the amended complaint the Court finds that in count II the Kennedys have stated a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), and DENIES the motions to dismiss count II filed by Widdowson and Nelson.

### D. *Counts III, IV, and V*

Counts III, IV, and V allege state causes of action. Because the Court has original jurisdiction over the remaining federal claims in count II, this Court has supplemental jurisdiction over these state claims pursuant to 28 U.S.C. § 1367(a). "The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In this case the Court exercises its supplemental jurisdiction over counts III, IV, and V—the tort claims arising under Maryland law.

The Widdowson's motion to dismiss counts III, IV, and V is thus DENIED.

### III. *Conclusion*

For the reasons stated, the defendants' motions to dismiss are GRANTED IN PART and DENIED IN PART.