UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EMILE HADDAD,
<u>Plaintiff-Appellant,</u>

v.

No. 97-2388

VIRGINIA POLYTECHNIC INSTITUTE AND
STATE UNIVERSITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-97-1189-A)

Submitted: April 21, 1998

Decided: May 5, 1998

Before MURNAGHAN, ERVIN, and HAMILTON, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Emile Haddad, Appellant Pro Se. Jerry Dean Cain, Kay Heidbreder,
VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY,
Blacksburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

In March 1997 Emile Haddad filed identical actions in both state and federal court alleging that Virginia Polytechnic Institute and State University ("Virginia Tech") discriminated against him based on his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.A. §§ 621 - 634 (West 1985 & Supp. 1997), the Due Process Clause of the Fourteenth Amendment, and Virginia state law. Virginia Tech moved to dismiss the action filed in federal court ("Haddad I"), claiming that the state law claims were barred by the Eleventh Amendment and that the federal claims were insufficient as a matter of law. The district court dismissed without prejudice the state law claims as barred by the Eleventh Amendment, dismissed the due process claim, and determined the case would proceed on the ADEA claim. Haddad then served Virginia Tech with notice of the identical action he had filed in state court ("Haddad II"). Virginia Tech then filed a notice of removal in federal district court accompanied by a motion to dismiss. In response, Haddad moved the district court to remand the case to state court. The district court determined that Haddad's inclusion of a federal claim provided a proper basis upon which Virginia Tech could remove the action to federal court, and dismissed without prejudice the entire action because Haddad had previously filed an identical action in Haddad I. Haddad now appeals from the district court's order dismissing Haddad II, claiming that the district court was obligated to remand the action to state court.

The statute governing removal is 28 U.S.C. § 1441(a) (1997). That section states in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). We find that the language of § 1441(a) precludes removal of an action to federal court unless the federal court has orig-

2

inal jurisdiction over the entire action. Accordingly, removal jurisdiction over an action is defeated if the court lacks jurisdiction over any claim in the action. See Frances J. v. Wright , 19 F.3d 337, 340-41 (7th Cir. 1994); McKay v. Boyd Const. Co., 769 F.2d 1084, 1086-87 (5th Cir. 1985); see also Lowery v. Prince George's County, Md., 960 F. Supp. 952 (D. Md. 1997). But see Kruse v. Hawaii, 68 F.3d 331, 334-35 (9th Cir. 1995); Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 337-39 (6th Cir. 1990).

Here, the Eleventh Amendment barred the district court from exercising jurisdiction over Haddad's state law and due process claims, and thus under § 1441(a) the action was not removable to federal court. Having found that none of Haddad's claims were removable to federal court because the district court lacked original jurisdiction over the action as a whole, we find that the district court had no discretion to dismiss rather than remand the action. See generally Roach v. West Virginia Reg'l Jail & Correctional Facility Auth.,* 74 F.3d 46, 48-49 (4th Cir. 1996) (holding a district court may not dismiss but must remand an action removed from state court over which the court does not have subject matter jurisdiction). Therefore, we vacate the district court's order dismissing Haddad's action in its entirety and remand with instructions that the case be remanded to the Virginia state court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____

*Roach involved an action removed from state court that contained both state and federal claims. The district court found that the Eleventh Amendment acted as bar to federal jurisdiction over both Roach's federal and state claims and thus dismissed the action. This Court reversed, finding that the plain language of § 1447 obligated the district court to remand the entire case to the state court. Id. at 48-49. The instant case differs from Roach in that the Eleventh Amendment acts only as a bar to federal jurisdiction over Haddad's state law and due process claims, but not his ADEA claim. See 29 U.S.C.A.§ 630(b)(2) (West 1985).

3