Pieter G. **KUYPERS** Plaintiff

v.

**COMPTROLLER OF THE TREASURY OF THE STATE OF MARYLAND** Defendant

No. Civ. H–01–616.

United States District Court, D. Maryland.

April 30, 2001.

Pieter G. Kuypers, Baltimore, MD, pro se.

Gerald Langbaum, Asst. Atty. Gen., Baltimore, MD, for Defendant.

*MEMORANDUM OPINION*

HARVEY, Senior District Judge.

Pieter G. Kuypers ("Kuypers") is a seaman. Proceeding *pro se*, Kuypers has filed a complaint in this Court naming as the sole defendant the Comptroller of the Treasury of the State of Maryland (the "Comptroller").

Plaintiff Kuypers has styled his action as one to recover seaman's wages allegedly withheld by the Comptroller under the tax laws of the State of Maryland in violation of 46 U.S.C. § 11108. He claims that he is entitled to a double wage penalty pursuant to 46 U.S.C. §§ 10313 and 10504 and that the total accordingly owed to him by the Comptroller is $1,524,488.90. Plaintiff has also asked the Court to award punitive damages in the amount of $10,000,000.

On behalf of the Comptroller, the Attorney General of Maryland has filed a motion to dismiss the complaint pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6), F.R.Civ.P. In support of that motion, defendant has submitted a memorandum of law, together with several exhibits pertaining to unsuccessful challenges to tax assessments of the Comptroller filed by plaintiff in the Maryland Tax Court and in the Circuit Court for Baltimore City. Plaintiff in turn has filed a memorandum in opposition to defendant's motion to dismiss. In support of his opposition, plaintiff has submitted an affidavit and fourteen exhibits.

Following its review of the pleadings and memoranda, this Court is satisfied that no hearing is necessary for a decision on defendant's motion to dismiss. *See* Local Rule 105.6. For the reasons stated herein, defendant's motion to dismiss the complaint will be granted.

In his complaint, Kuypers alleges that on April 14, 1998, the Comptroller withheld and continues to withhold $1,461.50 of his wages. He further alleges that in April of 1999 and in April of 2000, the Comptroller withheld various amounts of his wife's 1998 and 1999 refunds. He claims that the amounts withheld were seaman's wages for years prior to his marriage. Plaintiff contends, *inter alia*, that the Comptroller's actions have violated his right to equal protection and due process of law and his right to privacy and that, in referring his tax indebtedness to a collection agency, the Comptroller maliciously committed slander and libel. Kuypers further maintains that all state income taxes are unconstitutional.

In support of its motion to dismiss the complaint, defendant asserts (1) that as an agency of the State of Maryland, the Comptroller is immune from suit under the Eleventh Amendment; (2) that the Tax Injunction Act of 1937 requires dismissal of this action; and (3) that 46 U.S.C. § 11108 does not permit a seaman to sue a state agency for the recovery of taxes paid or withheld. Following its review of the parties' memoranda, this Court concludes that there is merit to each of these arguments advanced by counsel for defendant.

## I

### *Sovereign Immunity*

■ Relying on *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), defendant first argues that plaintiffs' claims are barred by the Eleventh Amendment. This Court would agree. On the record here, this Court concludes that it does not have jurisdiction in this case because of the sovereign immunity of the agency of the State of Maryland named as defendant in this case.

■ It is well established that a non-consenting state is immune from a suit

brought in a federal court by its own citizens. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). This immunity applies also to state agencies which may be properly characterized as "arms" of the state. *Mount Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The Supreme Court made it clear in *Seminole Tribe* and *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999), that Congress lacks the authority under Article I of the Constitution to abrogate a state's sovereign immunity. A private party therefore may not bring an action under a federal statute in federal court against a non-consenting state agency. *Mills v. Maine*, 118 F.3d 37, 49, 55 (1st Cir.1997). The purpose of the Eleventh Amendment is not only to prevent federal court judgments that must be paid out of a state's treasury but also to avoid "the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties." *Seminole Tribe*, 517 U.S. at 58, 116 S.Ct. 1114.

■ As the Supreme Court has noted, a state's immunity may be waived by the state itself or may be abrogated by Congress pursuant to a constitutional provision granting Congress the power to abrogate. *Seminole Tribe*, 517 U.S. at 55, 59, 116 S.Ct. 1114. Although a state may waive its sovereign immunity, it may do so only "by the most express language or by such overwhelming implications from the [statutory] text as [will] leave no room for another reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Lowery v. Prince George's County*, 960 F.Supp. 952, 954 n. 4 (D.Md.1997). It is apparent from a review of applicable Maryland statutes that the State of Maryland has not waived its Eleventh Amendment immunity nor that of any one of its agencies. Ann.Code of Md., State Gov't Article, § 12–103. Indeed, the Maryland Legislature has by statute expressed its intention that no suit may be brought to interfere with the statutory process for the assessment or collection of a state tax. Md. Tax–Gen Code Ann. § 13–505. Moreover, Congress has not enacted legislation to abrogate Maryland's immunity. None of the provisions of Title 46 of the U.S.Code refer in any way to the abrogation by Congress of Maryland's Eleventh Amendment immunity.

Plaintiff argues that this is a suit in admiralty and that the Eleventh Amendment does not prohibit an admiralty action. No case or other authority has been cited in support of this contention. Clearly, the Eleventh Amendment takes precedence over an action purportedly filed under 46 U.S.C. § 11108.

For these reasons, the Court has concluded that defendant Comptroller is entitled to Eleventh Amendment immunity from suit in this case.

## II

### *The Tax Injunction Act*

■ Even if this action was not subject to dismissal on the ground of Maryland's Eleventh Amendment immunity, this suit is precluded by the Tax Injunction Act of 1937, 28 U.S.C. § 1341. That statute provides as follows:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

As disclosed by the record here, Kuypers has been engaged in a long standing dispute with Maryland tax authorities concerning the assessment of and the collection of state income taxes. His principal

contention has been that he is a seaman who did not for tax purposes maintain a residence in the State of Maryland during the 1990's. The record indicates, however, that plaintiff's wife resides at 5506 Rusk Avenue, Baltimore, Maryland, and this is the address given by plaintiff in pleadings filed by him in this case. The Comptroller has rejected Kuypers' residency argument as has the Maryland Tax Court.

Section 1341 prohibits the maintenance by plaintiff of this civil action. In *Sipe v. Amerada Hess Corp.,* 689 F.2d 396 (3d Cir.1982), the Third Circuit held that § 1341 precluded a federal district court from entertaining an action like this one brought by seamen under admiralty law. The statute in question mandates that federal courts may not interfere with the State's mechanisms for resolving tax controversies except when state remedies are not plain, speedy and efficient. *Groff v. State of Maryland Comptroller of the Treasury,* 639 F.Supp. 568, 572 (D.Md. 1986). Maryland statutes which permit a taxpayer to contest tax assessments have been held to be plain, speedy and efficient within the meaning of the Tax Injunction Act. *Strescon Industries, Inc. v. Cohen,* 664 F.2d 929, 932 (4th Cir.1981); *Groff,* 639 F.Supp. at 576–77.

As noted, plaintiff himself has unsuccessfully challenged in the Maryland Tax Court assessments entered by the Comptroller against him for the years 1993, 1995 and 1996. *Kuypers v. Comptroller of the Treasury,* Md. Tax Ct. Appeal No. 99–IN–00–0732 (Order May 11, 2000). He later unsuccessfully sought judicial review of the adverse Tax Court decision in the Circuit Court for Baltimore City. *Kuypers v. Comptroller of the Treasury,* Cir. Ct. Balto. City, No. 24–C–00–002871A (Order dismissing petition for judicial review of November 28, 2000).

According to plaintiff, only the federal government has the power to tax under the Sixteenth Amendment to the Constitution, and state income taxes are therefore unconstitutional. No decision of any court has been cited by plaintiff in support of this surprising proposition, and the Court knows of no such authority.

Accordingly, this Court concludes that it lacks subject matter jurisdiction over plaintiff's dispute with the Comptroller as to the assessment of income taxes against him. The Tax Injunction Act of 1937 is fully applicable here and mandates dismissal of this suit.

### III

### *Failure to State a Claim*

■ Finally, the Court has concluded from its review of the complaint that plaintiff in any event has failed to state a claim upon which relief can be granted. He has based his claim on an alleged violation by defendant of 46 U.S.C. § 11108.

Plaintiff misreads that statute. By providing that wages due a seaman "may not be withheld under the tax laws of a State," the clear statutory intention is to prevent *an employer* from withholding taxes from wages due and payable to a seaman. As indicated by its legislative history, this provision of § 11108 was designed to prevent multiple withholdings by a ship owner or operator from the wages of a seaman who might be in different ports in different states on the day when his wages were due and payable. *Streckfus Steamers, Inc. v. City of St. Louis,* 472 S.W.2d 660, 663 (Mo.App.1971), *cert. denied,* 409 U.S. 841, 93 S.Ct. 39, 34 L.Ed.2d 80 (1972).

Moreover, plaintiff mischaracterizes the actions taken by defendant. As disclosed by the record here, the Comptroller did not "withhold" Kuypers' wages. Rather, the Comptroller, *inter alia,* applied a de-

linquent 1991 assessment, including interest and penalties, against 1998 and 1999 refunds claimed by Kuypers and his wife.

Section 11108 does not prohibit a state taxing authority from assessing income taxes against seamen. Neither it nor §§ 10313 and 10504 (imposing double wage penalties) apply in any way to defendant Comptroller. Plaintiff has failed to state in his complaint a claim against the Comptroller upon which relief can be granted.

## IV

### *Conclusion*

For all the reasons stated, this Court concludes that defendant's motion to dismiss must be granted. An appropriate Order will be entered by the Court dismissing the complaint with prejudice.